# Frantz *v.* Citizens Electric Company, Appellant.

*Negligence—Electric light company—Exposed wire—Contributory negligence—Question for jury.*

Where an electric light company for its own convenience attaches a high tension wire, which had sagged from its own pole, to a neighboring telephone pole, with defective insulation at the point of attachment, and thereafter an employee of the telephone company, who has

no knowledge of the presence of the wire, climbs the pole and is killed by contact with the wire, the electric light company will be liable in damages for his death, and it cannot claim that the deceased was guilty of contributory negligence in not looking up when he climbed the pole, where all the witnesses with experience in this kind of work testified that he climbed the pole in the usual and proper manner.

Argued Feb. 15, 1911. Appeal, No. 23, Jan. T., 1911, by defendant, from judgment of C. P. Lycoming Co., Sept. T., 1910, No. 325, on verdict for plaintiff in case of Susan R. Frantz v. Citizens Electric Company. Before FELL, C. J., BROWN, MESTREZAT, ELKIN and MOSCHZISKER, JJ. Affirmed.

Trespass to recover damages for the death of plaintiff's husband. Before HART, P. J.

The facts are stated in the opinion of the Supreme Court.

Verdict and judgment for plaintiff for $3,500.

*Error assigned* among others was in refusing binding instructions for defendant.

*John G. Reading*, for appellant.—The deceased was guilty of contributory negligence: Haertel v. Penna. Light & Power Co., 219 Pa. 640; McCauley v. Traction Co., 13 Pa. Superior Ct. 354; Carroll v. R. R. Co., 12 W. N. C. 348; Warner v. Ry. Co., 141 Pa. 615; Shallcross v. Philadelphia, 187 Pa. 143.

*C. E. Sprout*, of *Sprout & Cupp*, with him *W. H. Hill*, for appellee, cited: Newark Electric Light & Power Co. v. Garden, 78 Fed. Repr. 74; Fitzgerald v. Edison Electric Illuminating Co., 200 Pa. 540; Combs v. Del. & Atlantic Tel. & Tel. Co., 218 Pa. 440; Turton v. Powelton Electric Co., 185 Pa. 406.

OPINION BY MR. JUSTICE ELKIN, May 17, 1911:

We are asked to say the learned court below committed

error in not declaring as a matter of law that the deceased husband was guilty of contributory negligence. At the trial the questions of negligence and of contributory negligence were submitted to the jury in a charge fair to both parties and free from just criticism by either. No complaint is made as to the manner in which the questions were submitted, but it is argued with force and ability that the decedent was so clearly guilty of contributory negligence that the duty rested on the trial judge to so declare as a matter of law. This position is predicated upon the theory that it was the duty of the lineman to look up as he ascended the pole, and if he had done so, he would have seen the dangerous wire at the point where the insulation had worn off, and if he had seen the uninsulated wire, or could have seen it by the exercise of reasonable care, it was his duty to avoid such an obvious danger. The difficulty with this position is that there is no imperative rule requiring a person climbing a telephone pole to constantly look up, and the testimony of all the witnesses in the case at bar, familiar with pole climbing, is that the decedent climbed the pole in the usual and proper manner. Under these circumstances it would be most arbitrary for the courts to say as a matter of law that the lineman who met his death in the performance of his duties, did not climb the pole in a proper manner, when all the witnesses with experience in this kind of work testified he did. We agree it is the duty of an employee to use due care so as to avoid open and obvious dangers. A servant cannot take his chances by recklessly and heedlessly running into danger, and then hold the master answerable in damages for injuries resulting from his own folly. But that is not this case. After a careful examination of this record we cannot say that the decedent recklessly and heedlessly came in contact with the defective wire which caused his death. We start with the presumption that the decedent did his duty, but it is argued that this presumption is overcome by the witness who saw him climb the pole. This only means that he did not look up after he started to climb,

and the expert pole climbers testified that it was necessary for him to watch his feet as he ascended because of the condition of the pole. He was an employee of the telephone company and not of the appellant company. There is nothing in the evidence to show that he had any knowledge of the fact that the electric high tension wires were attached to the telephone pole. When originally installed these wires were attached to the electric poles and ran parallel with the telephone wires. While they were strung near the telephone poles, they did not touch them, unless as they might come in contact by swaying back and forth. The swaying of the wire no doubt accounts for the insulation wearing off where the wire rubbed against the telephone pole, and also for the burned and charred condition of the pole at the point of contact. This defective condition existed for many weeks, perhaps several months, at least long enough to affect appellant company with constructive notice, if it did not have actual notice as the testimony strongly indicates. Prior to the accident someone, presumably in the interest of the appellant company, fastened these high tension wires to the telephone pole by means of wooden brackets and glass insulators, but neglected to repair the defective insulation. This briefly stated was the situation on the morning of the accident when the decedent, engaged in taking down dead wires of the telephone company, began to climb the pole. All this was done without the consent of the telephone company and must have been intended as a protection to the wires of the appellant company, which so far as is disclosed by the testimony was a trespasser in thus making use of the telephone pole to serve its own purposes. There is nothing in the evidence indicating that the decedent was advised or knew that a high tension electric wire had been fastened to the telephone pole. It is true that by looking up the pole decedent could have seen, and no doubt did see, the electric wire attached to the telephone pole as above indicated. There was nothing, however, in the appearance of the wire to indicate whether it was of

low or high tension. It might have been a low tension service wire of the electric company, and if so the current carried would not be sufficiently strong to cause his death, and the same may be said of the low tension wires used by the telephone company. Again, he had a right to assume, in the absence of notice or knowledge to the contrary, that the wires were properly insulated and in safe condition. In this situation the decedent climbed the pole for the purpose of performing the duty for which he was employed. While doing so he came in contact with the highly charged wire of the appellant at the point where the insulation had worn off and received an electric shock from which death resulted. Under these circumstances, the only question to be determined here is whether the contributory negligence of the decedent was for the court or for the jury. We think it was the province of the jury to say whether under the facts disclosed by the testimony the decedent exercised due care in climbing the pole. The present case in many aspects is ruled by Combs v. Telegraph & Telephone Company, 218 Pa. 440.

Judgment affirmed.