# Demby v. Atkins, Appellant.

*Negligence—Master and servant—Changing conditions.*

Where the work of a servant is of such character that his environment necessarily undergoes frequent changes as the work progresses, the master is not bound to protect the servant engaged in it against dangers resulting from such changes.

*Negligence—Master and servant—Contributory negligence— Risk of employment—Operating wheelbarrow on scaffolding.*

Where an employee is instructed to wheel bricks in a wheelbarrow on the runway of a scaffold to a particular part of a building, and after making one or two trips, starts on a trip at a time when a joist was being raised near a landing around which he was obliged to pass, and instead of stopping until the girder had been hoisted, goes ahead, and in endeavoring to dodge the girder at the landing, falls from the runway and is injured, he is guilty of contributory negligence and cannot recover from his employer for his injuries.

A master's liability arises from the fact that he subjects his servant to dangers which in good faith he ought to provide against, but he is not responsible for those dangers to which the servant voluntarily subjects himself, though he does so without carelessness or breach of duty.

Argued Oct. 12, 1915.  Appeal, No. 18, Oct. T., 1915, by defendant, from judgment of Municipal Court of Philadelphia Co., Oct. T., 1914, No. 510, on verdict for plaintiff, in case of Samuel Demby v. Edward Atkins. Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ.  Reversed.

Trespass to recover damages for personal injuries. Before KNOWLES, J.

The circumstances of the accident are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $400.00.  Defendant appealed.

*Error assigned* was in not entering judgment for defendant n. o. v.

*Henry A. Hoefler,* for appellant.—The plaintiff was guilty of contributory negligence: Purcell v. Riebe, 227 Pa. 503; Mellet v. Reading Transit Co., 55 Pa. Superior Ct. 465; Culp v. Reading Transit & Light Co., Gray v. Grace Contracting Co., 249 Pa. 434; Begley v. Rund Mfg. Co., 247 Pa. 412.

*William W. Roper,* for appellee.—The case was for the jury: Prescott v. Ball Engine Co., 176 Pa. 459; Smith v. Oil City Tube Co., 183 Pa. 485; Lewis v. Seifert, 116 Pa. 628; Conley v. Lincoln Foundry Co., 14 Pa. Superior Ct. 626; Lebbering v. Struthers, Wells & Co., 157 Pa. 312; Davis v. Penna. R. R. Co., 5 Pa. C. C. R. 567; Patterson v. Pittsburgh, Etc., R. R. Co., 76 Pa. 389; Glew v. Pittsburgh Rys. Co., 234 Pa. 238; Williams v. Clark, 204 Pa. 416.

OPINION BY KEPHART, J., December 20, 1915:

Appellee was injured while working as a helper to some masons who were engaged on a building operation. At the time he was injured he was wheeling bricks up a

runway to a point about 12 feet above ground. This runway was from 3½ to 4 feet wide. It ran eastwardly along the building to a height of 5 feet, then reversed, going westwardly along the building to a height of 5½ feet, where it again turned. At each of the turns there were platforms 6 feet in width. While the brick work was in progress girders for the roof were being hoisted from the outside by means of a gin pole. They were hoisted from alongside of the runway. While wheeling a load of bricks up the runway the appellee reached a point at or near the second landing, when one of the girders, in the act of being hoisted, interfered with his passage. In an effort to dodge it, he turned to the left, when his wheelbarrow struck a board placed over a hole in the runway, jolting him so that he stepped off the runway and fell about 8 feet. It nowhere appears in the evidence that the construction of the runway was faulty or different from the ordinary construction of runways used in and about the erection of a building. This work being temporary, it must be subject to some changes and it is not expected to be of the same exactness as if it were a permanent structure. It is so understood by those employed around it. There is no evidence to show how or when the board was placed over the hole or that the employer knew of it, the runway having been properly constructed. When the work is of such character that the environment of the servant as the work progresses necessarily undergoes frequent changes, the master is not bound to protect the servant engaged in it against dangers resulting from such changes: Labatt, Master & Servant, p. 1772. This doctrine results from the fact that the prosecution of the work does make the place dangerous; but it is not the duty in such case for the master to follow up the servants every moment to see that they make the place safe: Schneider v. Philadelphia Quartz Co., 220 Pa. 548; Durst v. Carnegie Steel Company, 173 Pa. 162. Assuming, however, that there was sufficient evidence of negligence to submit to the jury, it does clearly appear from the evidence that the

appellee was guilty of contributory negligence. The girder that he was endeavoring to "dodge" was lying across the runway before he started with his wheelbarrow. When he reached the second landing he could plainly see the girder temporarily suspended above the runway in his path. He knew exactly the space in which he had to travel in order to pass it. In attempting to get around it through this very narrow space avoiding the girder on the one side and the edge of the platform on the other he voluntarily placed himself in a position of danger. He knew of the condition of the runway at the place where his wheelbarrow struck the board. He passed it frequently that morning. The necessity of his work did not compel him to assume the hazard of passing this point of danger. His duty to himself should have constrained him to wait until the danger was removed. By his act alone the accident was made possible. It not only contributed to it but in attempting to dodge the girder it was the producing cause. He was clearly chargeable with negligence.

He was instructed to get brick over to the masons in the northwest corner. This general instruction was given some time before. It was given at a time when he was not subjected to danger, and he must have made at least one or two trips after the instruction was given before the accident occurred. This instruction cannot be construed into a specific instruction for this one trip: "the servant, or employee, assumes the risk of all dangers, however they may arise, against which he may protect himself by the exercise of ordinary observation and care. Furthermore, the master's liability arises from the fact that he subjects his servant to dangers which in good faith he ought to provide against, but he is not responsible for those dangers to which the servant voluntarily subjects himself, though he does so without carelessness or breach of duty": Pittsburgh & Connellsville Railroad Co. v. Sentmeyer, 92 Pa. 280.

The judgment is reversed and is here entered for the defendant.