## Iams v. Hazel-Atlas Glass Company, Appellant.

*Negligence—Master and servant—Proper appliances—Failure of servant to adjust appliances—Contributory negligence.*

1. Where work is of such a character that the environment of the servant necessarily undergoes frequent changes as the work progresses, the master is not bound to protect the servant against dangers resulting from such changes. It is not the duty of the master in such case to follow up the servant every moment to see that he makes the place safe; it is sufficient if he provides against such dangers as may possibly or probably arise and gives the workmen the means of protecting themselves.

2. Where in an action to recover damages for personal injuries brought by an employee against a manufacturing company, it appeared that it was plaintiff's duty to work upon a machine, access to which was had from a movable platform which he was required to adjust, that after finishing his work he stepped backward toward the platform, but through his failure properly to adjust it, he fell into an opening and suffered the injuries complained of, there was no evidence of defendant's negligence to carry the case to the jury, and a point for binding instructions for defendant should have been affirmed.

3. Where in such case it appeared that plaintiff could have avoided the accident by looking before he stepped backwards, and that the accident resulted from his failure so to do, he was guilty of contributory negligence as a matter of law.

Argued Oct. 7, 1915. Appeal, No. 225, Oct. T., 1915, by defendant, from judgment of C. P. Washington Co., Feb. T., 1915, No. 195, on verdict for plaintiff, in case of William B. Iams v. Hazel-Atlas Glass Company, a Corporation. Before BROWN, C. J., POTTER, STEWART, MOSCHZISKER and FRAZER, JJ. Reversed.

Trespass to recover damages for personal injuries. Before Irwin, J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $2,000.00 and judgment thereon. Defendant appealed.

*Errors assigned* were in refusing to direct a verdict for defendant and in refusing to enter judgment for defendant n. o. v.

*W. S. Dalzell,* of *Dalzell, Fisher & Hawkins,* with him *H. R. Myers,* for appellant.

*Rufus S. Marriner,* of *Wiley & Marriner,* with him *F. P. & J. D. Iams,* for appellee.

Opinion by Mr. Justice Stewart, January 3, 1916:

The business of the appellant company is the manufacture of glass. In this work it employs several or more tanks designed to contain and carry the molten material. In the front of each tank is placed a revolving machine which forms or moulds the glass into the required shape. The tank and machine, together constitute one piece, rests on iron rails some five or six feet apart and elevated some four feet above the floor of the factory, permitting the tank with the machine to be moved to or from, as the case may be, the main tank from which the other tanks are supplied with the molten material. Along the rails on either side and level therewith is a brick platform from eighteen to twenty feet wide and twenty-two feet in length. Permanently attached to the front of each machine, that is, at the end next to the revolving machine that turns the glass into shape, there is a platform from two and one-half to three feet in width, extending along the whole front, and about eighteen inches above the level of the brick platform at either side. This platform in front of the machine above described is for the accommodation of the workmen who

are employed in and about the machine, and it can be approached from either side of the track, the elevation above the floor being about eighteen inches. Between the tracks on which the machine rests, and on which from time to time it is moved, there is a pit about four feet in depth. When the machine is so placed on the tracks that the pit underneath is exposed, a movable appliance, consisting of three planks bolted together and as long as the tracks are wide, is used to bridge over the pit, so that the workmen may pass readily from one side of the machine to the other. This movable bridge when in place being on a level with the track surface, one may as readily reach the platform attached to the machine from it as by the approach from the side. The day the plaintiff, an employee, met with the accident complained of, the machine was resting at a point near the end of the track, and between the machine and the end the movable platform or bridge had been placed across the tracks. The plaintiff having been directed to assist the workman engaged upon the platform of the machine, proceeded to the place, walked out on the movable bridge or platform, and from that position stepped to the platform of the machine where he was engaged in the work assigned him. Having completed his work, with a view to withdraw, but without turning around, he stepped backward, intending to step to the bridge below. The bridge not being as far back as the front edge of the platform by about six inches, his foot missed the bridge and went into the opening thus left, and losing his balance he fell astride the edge of the platform and sustained serious injury. The negligence alleged was failure to furnish plaintiff with a reasonably safe place to work. Binding instruction for the defendant was refused, and the case was submitted to the jury first, on the question of defendant's negligence, and second, on the question of plaintiff's contributory negligence. The verdict being for plaintiff, a motion for judgment n. o. v. followed which also was refused, and judgment was ac-

cordingly entered on the verdict. From this judgment we have the present appeal.

What duty resting on the defendant with respect to the plaintiff had been omitted? For the convenience of the workmen in getting from one side of the track to the other, and it may be for their convenience in getting to the platform in front of the machine—though we see no evidence of this except that it was sometimes so used— the company had provided a movable frame crossing which could readily be placed in front of the machine at any point on the line, and which was entirely adequate for the purpose when properly placed. It is not complained that it was in any respect defective or inadequate. The plaintiff refers his accident wholly and exclusively to the circumstance that this movable bridge the day the accident occurred had not been pushed·so far towards the machine as to make the platform on the machine overhang it, or at least be on a line vertically with the edge of the bridge. Was it the duty of the employer to oversee and supervise such details in the performance of the work? Authorities are lacking for any such proposition. The defendant had furnished what was admittedly a safe and suitable appliance, one easily moved and easily adjusted as changing conditions in the work required its removal from one point on the track to another, and all that is complained of is that on the day the accident happened it had been so negligently placed that its edge was out of perpendicular with the edge of the machine's platform to the extent of some six inches. It is nowhere suggested that this fact was due to any imperfection in the bridge. For all that appears in the case the same effort that placed it where it was could quite as readily have placed it where it should have been. To hold the employer liable under such circumstances where the negligence, if any, was certainly not his, would be to make him virtually an insurer. There is no such rule of law. In Schneider v. Philadelphia Quartz Co., 220 Pa. 548, 551, a case not unlike

the present and involving the same question we said, "That plaintiff company had supplied sufficient boards to meet these requirements for safety is a fact clearly established; but how and where to place them to meet changing conditions as the work progressed, was a matter committed to the workmen themselves. It was not required that the entire scaffold should be floored, but only so much of it as was being used. When the work is of such character that the environment of the servant as the work progresses necessarily undergoes frequent changes, the master is not bound to protect the servant engaged in it against dangers resulting from such changes: Labatt. Master and Servant, p. 1772. This doctrine results from the fact that the prosecution of the work does make the place dangerous, but it is not the duty in such case for the master to follow up the servants every moment to see that they make the place safe. It is only necessary to cite Durst v. Carnegie Steel Co., 173 Pa. 162, where we held that when danger can only arise as the work progresses, it is not the duty of the employer to stand by during the progress of the work to see when danger arises; that it is sufficient if he provide against such dangers as may possibly or probably arise, and to give the workmen the means of protecting themselves." To these authorities we may add Ryan v. Cumberland Valley R. R. Co., 25 Pa. 384; Miller v. American Bridge Co., 216 Pa. 559. The principle asserted in these cases to the effect that the absolute obligation of the employer to provide reasonably safe appliances for his workmen does not extend to all the passing risks which arise from short-lived causes, is one generally recognized. A case as much in point as any is Meehan v. Speirs Mfg. Co., 172 Mass. 375, where it is held, that there can be no recovery where the danger to which the employee was exposed was merely a transitory one existing only on a single occasion when the injury was sustained, and due to no fault of plan or construction, or lack of repair, and to no permanent lack of safety

in the employer's works, or in the manner in which they had been ordinarily used. That was this case. It follows that the motion for binding instructions should have prevailed for the reasons we have indicated.

It is no less clear upon the admitted facts of the case that the accident from which plaintiff suffered was in consequence of his own negligence. He has shown no excuse whatever for his attempting to step backward from the platform on which he was standing to reach the bridge a foot and a half below the platform. In doing so he voluntarily and deliberately denied himself the use of his eyes. Whether he saw or could have seen the open space into which he afterwards fell as he mounted to the machine platform, may be waived. If he did see it, then in stepping backwards to reach the bridge with the opening exposed he was attempting a reckless adventure; if he did not see it in getting upon the platform of the machine, it was, notwithstanding, his duty to exercise ordinary prudence in descending. Ordinary prudence cannot be affirmed of one who deliberately and from choice walks backward and meets with a fall. We hold the ordinary pedestrian to the duty of using his eyes when he goes upon the highway. Why should not like duty be required of one in stepping directly down from a place he has been occupying to a level eighteen inches immediately below? The evidence supports a plain and unmistakable inference that had this plaintiff been looking in the direction he was stepping he could have avoided the accident. On this branch of the case as well, defendant's motion for binding instruction should have prevailed.

The judgment is reversed, and judgment is now entered for the defendant.