# Moretti *v.* Lehigh Valley Coal Company, Appellant.

*Negligence—Master and servant—Coal breakers—Safe place to work—Contributory negligence.*

A coal company will not be liable for the death of a workman who fell into an opening in the floor of a coal breaker, where it appears that deceased went to the place of the accident without being required to do so in the discharge of any duty, and in deliberate violation of instructions, and for the purpose of asking the time from a fellow employee.

Argued Dec. 2, 1918. Appeal, No. 263, October T., 1918, by defendant, from judgment of C. P. Schuylkill Co., May T., 1916, No. 304, on verdict for plaintiff in case of Joseph Moretti v. Lehigh Valley Coal Company. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Reversed.

Trespass to recover damages for death of plaintiff's minor son. Before BECHTEL, P. J.

The circumstances of the accident are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $1,497.52. Defendant appealed.

*Error assigned,* among others, was the refusal of defendant's motion for judgment n. o. v.

*Daniel W. Kaercher,* for appellant.—The plaintiff was guilty of contributory negligence: Solt v. Williamsport Radiator Company, 231 Pa. 589; Iams v. Hazle-Atlas Glass Company, 251 Pa. 444; Toy v. International Mercantile Marine Company, 61 Pa. Superior Ct., 499; Demby v. Atkins, 61 Pa. Superior Ct. 541; Vilsock v. Youghiogheny and Ohio Coal Company, 256 Pa. 90; Haven v. Pittsburgh and Allegheny Bridge Company, 151 Pa. 620.

*A. D. Knittley,* and *Z. F. Rynkiewicz,* for appellee.

OPINION BY ORLADY, P. J., July 17, 1919:

The plaintiff brought this action of trespass to recover damages for the death of his minor son, who was employed as a slate-picker at an anthracite coal breaker operated by the defendant; his contention being that the company was negligent in not providing a safe place for the deceased to work. The boy was seventeen years of age, and was familiar with the work in which he was engaged in a room 15 x 16 feet in size, about 100 feet from the ground level. His duties required his personal attention to the work assigned to him at a particular place. The undisputed testimony shows that at the time the boy was killed the breaker was being repaired and remodeled, in doing which a board or plank about 18 inches wide and six or seven feet long was lifted from the floor of the room in which the boy worked, to enable the workmen to pass material to a lower floor, and this had been open for a number of days prior to the accident. The opening in the floor was not within the zone of the boy's work as a slate picker, and in discharging his duties as such he was not in any danger by reason of the opening as he was not required to go near it. He was familiar with its location and it was plainly in view. It is conceded that the repairs were necessary and that the opening in the floor was regarded as a place of danger.

It as clearly appears that the boy, Moretti, was notified by the breaker boss in charge of the place to not leave his place of work, and as an extra precaution, special instructions were given to him in his native tongue, Italian, by another employee of the defendant acting at the instance of the breaker boss. There was no railing around the opening as it was necessary to use it irregularly in making the repairs, and it was not necessary for the boy to cross it in going to or from his work. As stated by the appellee, on the day of the death of Moretti, he went some short distance from his regular place of work to a rail overlooking a mezzanine floor six or eight feet below, to ask another boy for the time of day.

The theory of the plaintiff is that, as he turned to go back his foot turned on a piece of coal, slate or rock, and he was precipitated down through the hole, struck a moving cogwheel on the floor below, and from thence 35 feet to the ground and instantly killed.

The defendant's liability must be determined by the conditions surrounding the place where the boy was expected to discharge the duties incident to his employment. When he left a perfectly safe place to engage in a personal inquiry as to the time of day, of another employee it was an act not in any way related to his employment. He was familiar with the surroundings,—that loose pieces of coal or slate of various sizes were on the floor in which the opening was clearly visible, and that the opening had been there for more than a week,—so he must necessarily have known, not only of its location but as well the uneven surface of the floor and the unguarded condition of the opening, even if he had not been cautioned to avoid it by remaining at his own place. If the theory of the plaintiff is the correct one, the boy elected to go dangerously close to this opening in the floor when there was ample room for him to make the trip around it in safety. The place fixed by the defendant for the young man to work was unquestionably safe, both as to location and in regard to its appliances, if he had obeyed his employer's direction to remain there. The defendant should not be held liable for his deliberate violation of instruction and ignoring directions that were intended for his safety. It is not suggested what further precautions could have been taken by the defendant, other than a suspension of all work on the colliery until these temporary repairs were completed, and this would not be reasonable. It was further testified that during the repairs the hole had been temporarily closed by a plank being nailed over it, but that in the progress of work it was necessary to remove this. We do not think this is a controlling feature of the case, for the reason that young Moretti knew all the facts and left his place of work de-

spite positive instructions from the defendant. The accident concurred under unusual conditions, but after a careful examination of all the testimony, in the light of our many decisions we can find none to warrant the finding that the defendant was guilty of negligence. On the other hand, we are constrained to conclude that the sole cause of the boy's death was his violation of the employer's instructions to not leave his safe place for working and engaged in a purely personal matter unrelated to his employer's work. He successfully passed over this dangerous point in going to the railing to inquire the time of day, and the accident happened on his return. The exact details are not clearly shown, and it is assumed that he tripped on a loose piece of coal. The testimony in relation to this is so indefinite and uncertain that the defendant should not be held liable for a breach of duty.

In Solt v. Radiator Co., 231 Pa. 589, the plaintiff failed to recover for the reasons that the testimony in the case justified but one conclusion—"that the deceased voluntarily undertook to do an obviously dangerous act for his own purpose and not for the purpose of discharging a service of his employer in choosing a way which was dangerous instead of another way which was safe or reasonably so." Ordinary prudence cannot be assumed of one who deliberately and from choice chooses a danger which is obvious, if he but uses his sense of vision: Iams v. Hazle-Atlas-Glass Co., 251 Pa. 444. The rule has been frequently declared to be that, the servant or employee assumes the risk of all dangers, however they may arise against which he may protect himself by the exercise of ordinary observation and care. Furthermore, the master's liability arises from the fact that he subjects his servants to dangers, which in good faith he ought to provide against, but he is not responsible for those dangers to which the servant voluntarily subjects himself: Denby v. Atkins, 61 Pa. Superior Ct. 541; Vilsock v. Youghiogheny and Ohio Coal Co., 256 Pa. 90.

Young Moretti in this case, as in McGinness v. Valvoline Oil Works, 67 Pa. Superior Ct. 387, was not acting under orders, but acted contrary to specific orders and of his own volition. He elected to adopt this hazardous walk, and therefore the court should have affirmed the defendant's point requesting binding instructions. Under the clearly established facts in the case, the jury should have been directed to find for the defendant.

The judgment is reversed.