## Patterson *v.* Hughes, Appellant.

*Evidence—Witness—Competency—Party dead—Act of June 11, 1891, P. L. 287—Mortgage.*

1. A living witness whose competency is to make competent evidence which otherwise would be incompetent, must be called in the interest of and by the person representing the right of the deceased party to the contract or thing in action. The calling of such a witness by the adversary is not within the contemplation of the Act of June 11, 1891, P. L. 287.

2. On a scire facias sur mortgage where the mortgagee is dead at the time of the trial, and it appears that the mortgage was given by the mortgagor as security for the debt of her brother to the mortgagee, the brother is a witness with an adverse interest, inasmuch as he will be liable over to the mortgagor if a judgment goes against her on the scire facias; and he is not made a competent witness by the fact that the mortgagor calls as a witness one of the use plaintiffs to whom the mortgage had been assigned, to testify to things happening in the lifetime of the mortgagee; nor in such a case is the mortgagor competent to testify that she was induced to sign the mortgage by representations made by the attorney of the mortgagee that the brother's property would be ample to pay his indebtedness. Even if she were competent such evidence would be irrelevant and immaterial.

Argued April 9, 1912.  Appeal, No. 294, Jan. T., 1911, by defendant, from judgment of C. P. Luzerne Co., Oct. T., 1900, No. 408, on verdict for plaintiff in case of Robert E. Patterson to the use of Mary H. Elmer, Roberta Patterson and Frank E. Patterson v. Caroline A. Hughes.  Before FELL, C. J., BROWN, MESTREZAT, STEWART and MOSCHZISKER, JJ.  Affirmed.

Scire facias sur mortgage.  Before FULLER, J.

The facts are stated in the opinion of the Supreme Court.

Verdict by direction of the court for $10,180 on which judgment was subsequently entered for $5,832.88.  Defendant appealed.

*Errors assigned* were the rejection of Cyrus Houghton and the defendant as witnesses.

*James L. Lenahan,* with him *D. O. Coughlin,* for appellant.—Where the principal seeks to enforce a contract made by his agent he is bound by the representations made by the agent at the execution of the contract though in making them the agent exceeded his authority: Providence Steam Engine Co. v. Lochiel Iron Co., 2 Pears. 178; Keough v. Leslie, 92 Pa. 424; McNeile v. Cridland, 168 Pa. 16; Meyerhoff v. Daniels, 173 Pa. 555; Clinch Valley Coal & Iron Co. v. Willing, 180 Pa. 165; Cloud v. Markle, 186 Pa. 614; Schweyer v. Walbert, 190 Pa. 334; Griswold v. Gebbie, 126 Pa. 353; Posten Transfer Co. v. Fisher, 12 Luz. Leg. Reg. 113; Rheinstrom v. Brewing Co., 28 Pa. Superior Ct. 519.

We contend that Cyrus Houghton was a competent witness.  The court refused to receive his testimony for the reason that he might be liable over to the defendant and that he was therefore an interested party.

Even though he were liable over, it was not such an interest as would qualify him: Spott's Est., 156 Pa. 281; McMurray's App., 101 Pa. 421.

*W. S. McLean, Jr.,* and *W. S. McLean,* for appellees, cited: Cake v. Cake, 162 Pa. 584.

OPINION BY MR. JUSTICE MOSCHZISKER, April 29, 1912:

In 1898 C. H. Houghton was indebted to General Robert E. Patterson upon six mortgages in the aggregate sum of $37,000, with interest. In March of that year the defendant gave the mortgage in suit for $6,000 to General Patterson. The defendant contended that this mortgage was given as collateral security for the debt covered by the six prior mortgages, while the plaintiffs contended that it was given in payment of the accrued interest on those mortgages. This action was brought in July, 1900, upon a præcipe averring default in the payment of interest. In April, 1906, the mortgage in suit was assigned by General Patterson to the present use plaintiffs, and in the following July General Patterson died.

Upon the trial, after proving the mortgage and assignment, the plaintiffs called Frank E. Patterson, one of their number, to prove the default; he testified in substance that he was the agent for the mortgagee, that interest had been paid on the mortgage up to September, 1899, and that no interest had been paid thereafter. This constituted the plaintiffs' case. The defendant then called the same witness for cross-examination, and when so testifying he stated, inter alia, that the mortgage in suit was not given as collateral but in payment of accrued interest on the debt of Houghton, and that it had never been extinguished or paid off by the latter or any one else.

The defendant then called Houghton to the stand and offered to prove that he had not received all the moneys covered by the six original mortgages executed by him, that the mortgage in suit was given as collateral security for the loans to him, and that he had subsequently settled and paid his loans in full and that such settlement included the "wiping out" of the pres-

ent mortgage.  The refusal of this testimony is covered by the first three assignments of error.

The defendant argues that if Houghton be viewed as a witness with an adverse interest, then in view of the testimony given by Frank E. Patterson on cross-examination the former's evidence was competent under the Act of June 11, 1891, P. L. 287.  This, however, cannot be sustained, for in Cake v. Cake, 162 Pa. 584, we ruled that a living witness whose testimony is to make competent evidence which otherwise would be incompetent, must be called in the interest of and by the person representing the right of the deceased party to the contract or thing in action, and that the calling of such a witness by the adversary was not within the contemplation of the act.  But the defendant urges that the witness was not one with an adverse interest.  In passing on this latter contention we must view the offer ruled upon as it was made; thus accepting it, the witness had a material interest in the result of the suit, an interest that the judgment in the case would operate upon, for an essential part of the offer was to show that the mortgage in suit was given as collateral security for the payment of money due by the witness to the deceased mortgagee; if that were true, then a judgment in favor of the plaintiffs could be offered in evidence in a subsequent suit by the present defendant against the witness to recover from him as principal money which the former would be obliged to pay as surety.  When we bear in mind that a part of the offer was to show that the original debt covered by the alleged collateral had been paid in full, an excerpt from the opinion in Marshall v. Franklin Bank, 25 Pa. 384, is particularly appropriate in connection with the rulings complained of in the present case; there Mr. Justice KNOX says, "It is conceded that John Marshall, who took defense to the scire facias was a surety, and that George A. Creacraft the person whose deposition was offered and rejected, was one of the principal debtors.  The defense

was, substantially, that the judgment had been paid, and it was to prove payment that the principal debtor was offered as a witness. Upon the failure of this defense, the principal was, doubtless liable to the surety ....and this....disqualifies him from testifying on the ground of interest." As we said of certain witnesses in Espy v. Allison, 9 Watts 462, 465, "It cannot be considered that their liability or interest was the same, whether the plaintiff succeeded in this action or not; .... We therefore think they were not competent witnesses"; and so it was here. The first three assignments are overruled.

The fourth assignment complains of the refusal of an offer to show by the defendant, that when the mortgage in suit was presented to her for execution she objected to the amount and said that she would only give one for $5,000 as collateral security for Houghton's indebtedness in case his property should be insufficient, and that the attorney for the mortgagee (one Reader, who was not called by either side as a witness) replied that the amount would make no difference because Houghton's property was amply sufficient to pay his mortgages and she would never have to pay anything. This was objected to upon the ground that the witness was incompetent to testify to such matters occurring prior to the death of the mortgagee. While disposing of this assignment we cannot do better than adopt the language of the learned court below in dealing with this branch of the case: "We think that the ruling was clearly correct not only on the ground of the defendant's incompetency but also on the ground......that the testimony if admitted would have been entirely irrelevant. Competency of the witness could only be predicated upon the Act of June 11, 1891, P. L. 287, made operative by the testimony of Frank E. Patterson, but the latter's testimony in chief pertained only to payment of interest, his testimony when called as for cross-examination did not open the door according to

the construction of that act by the decisions (inter alia Cake v. Cake, 162 Pa. 584), the matter embraced in the offer did not occur between him and the defendant, nor in his presence or hearing (see language of the act), and, finally, the matter was irrelevant because her liability on the mortgage would not be effected by its admission in evidence." The assignment is overruled.

Since the fifth assignment was not referred to at bar and is not covered in the printed argument, it is dismissed as abandoned.

The judgment of the court below is affirmed.