## WRIGHT v. WILSON.

### No. 9017.

Circuit Court of Appeals, Third Circuit.
Argued Feb. 8, 1946.
Decided March 5, 1946.

William W. Mentzinger, Jr., of Philadelphia, Pa. (Elliott Marshall, of Front Royal, Va., on the brief), for appellant.

David A. Saltzburg, of Philadelphia, Pa., (Morris W. Kolander, of Philadelphia, Pa., on the brief), for appellee.

Before MARIS, GOODRICH, and O'CONNELL, Circuit Judges.

GOODRICH, Circuit Judge.

This is an action brought in federal court by reason of diversity only, to recover for injuries sustained by the plaintiff when he was struck by a motor car operated by the defendant. There was a verdict for the defendant in the District Court. The plaintiff charges several errors in the trial. Only one of them presents a question which requires discussion.

While the litigation was pending the defendant died. The plaintiff claims that he is now the only living eyewitness to the accident. His testimony with regard to it was rejected by the trial judge. The correctness of this course is the interesting and important question in the case.

■ Our starting point now is Rule 43 (a) of the Rules of Civil Procedure.[1] It is there provided that all evidence comes in if admissible under United States statutes, or under theretofore existing rules of United States equity courts or state law, whichever favors the reception of the evidence. It has been correctly pointed out that this is a rule of admissibility not exclusion.[2] The evidence comes in under whichever one of the tests of admissibility is most favorable.

■ Is the proffered testimony to be allowed under any of the criteria set out in Rule 43(a)? It certainly is not by the law of Pennsylvania. The Pennsylvania statute[3] is explicit in prohibiting the testimony of the survivor. It applies to tort actions[4] as well as contract though the latter may predominate. Adversity of interest is the test.[5] Death is only the line of demarcation.[6] The Pennsylvania Supreme Court has sharply indicated that the plain language of the statute is not to be circumvented.[7] So far as Pennsylvania law is concerned, it is clear that the door is tightly closed against admissibility of

---

[1] 28 U.S.C.A. following section 723c. The appropriate section reads: "Rule 43. Evidence

"(a) Form and Admissibility. In all trials the testimony of witnesses shall be taken orally in open court, unless otherwise provided by these rules. All evidence shall be admitted which is admissible under the statutes of the United States, or under the rules of evidence heretofore applied in the courts of the United States on the hearing of suits in equity, or under the rules of evidence applied in the courts of general jurisdiction of the state in which the United States court is held. In any case, the statute or rule which favors the reception of the evidence governs and the evidence shall be presented according to the most convenient method prescribed in any of the statutes or rules to which reference is herein made. The competency of a witness to testify shall be determined in like manner."

[2] 3 Moore, Federal Practice (Supp.1945) 63 § 43.02 (referring back to page 3064) "The cast of subdivision (a) [of Rule 43] is toward admissibility not exclusion."

Green, "The Admissibility of Evidence Under The Federal Rules", (1941), 55 Harv.L.R. 197, 203, "Perhaps the simplest interpretation is to imply a provision that the evidence is to be excluded. But isn't such a reading superficial? * * * The rule merely provides that if any of the three makes the evidence admissible it shall be admitted."

United States v. Aluminum Co. of America, S.D.N.Y.1938, 1 F.R.S. 43a.3, Case 1 "[Rule 43(a)] is intended to liberalize admissibility of testimony, but has nothing to do with what should be excluded."

See also Seward v. Nissen, D.C.Del., 1942, 2 F.R.D. 545 and Holtzoff, New Federal Procedure And The Courts, 1940, 120.

[3] 28 P.S. § 322 reads in part: "Nor, where any party to a thing or contract in action is dead * * * shall any surviving or remaining party to such thing or contract, or any other person whose interest shall be adverse to the said right of such deceased * * * be a competent witness to any matter occurring before the death of said party * * *." The remainder of the section as well as § 325 set out circumstances where the above language of exclusion does not apply. However, none of these circumstances fit the present facts.

[4] Lockard v. Vare, 1911, 230 Pa. 591, 595, 79 A. 802.

[5] Chapman, Principles of the Law of Evidence, 1930, 362 "It is an adverse interest, not survivorship or adverse testimony which disqualifies a witness. Edmundson's Estate, 259 Pa. 429, 436, 103 A. 277, 2 A.L.R. 1150."

[6] Id. 364. "An interested witness may testify to facts existing after death of the other party, even though by inference the existence prior to death is shown. * * * Krepps v. Carlisle, 157 Pa. 358, 27 A. 741; Keating v. Nolan, 51 Pa.Super. 320."

[7] Id. 365: "The survivor cannot make himself competent by calling the living witness and then attempting to testify. * * * As was said in Cake v. Cake, 162 Pa. 584, 585, 29 A. 797, 'The living witness whose testimony is to make competent the surviving or remaining party to the

the proffered testimony. The federal rule cannot be so tersely stated, though, as will be seen, the various figures add up to the same sum as that found by Pennsylvania statutes and decisions.

■ At common law both the parties to a suit were incompetent as witnesses on the ground of interest. Greenleaf notes the general rule of the common law with the statement that the rule of the Roman Law was the same.[8] An encyclopedia of the same year as the Lewis edition of Greenleaf relates the common law rule specifically to survivors.[9] Chamberlayne some years later sets out the rule and its rationale.[10] More recently Jones in speaking of the same rule adds that it applied

both in chancery and at law.[11] And finally Wigmore succinctly emphasizes the fact that a disqualifying interest concept was behind the common law rule of exclusion of parties as witnesses.[12]

In 1862 a federal statute[13] referred the rule of admissibility to state law. This first statutory period persisted until 1864 when another federal statute[14] prohibited exclusion of any witness on the ground of interest. This general admissibility rule was similar to that of the states. While it changed the common law, it was open to an exception so far as survivors were concerned. This will be discussed later. The second statutory period ended a year later in 1865 when the federal statute[15]

---

record, must be called in the interest of and by the party representing the right of the deceased. The calling of such witness by the adversary could not have been in contemplation of the Legislature. It was not the intention of that Act to provide so sure and easy a method of removing the bar of incompetency.'" See also Patterson v. Hughes, 236 Pa. 315, 318, 84 A. 829.

[8] 1 Greenleaf, Treatise on the Law of Evidence, Lewis's Ed., 1899, § 329: "Common Law Did Not Allow a Party to the Record to Be a Witness.—And first, in regard to parties, the general rule of the Common Law is, that a party to the record, in a civil suit, cannot be a witness either for himself, or for a co-suitor in the case. The rule of the Roman Law was the same. Omnibus in re propria dicendi testimonii facultatem jura submoverunt."

[9] 11 American and English Encyclopaedia of Law, 2d Ed., 1899, 543: "4. Transactions with Deceased Persons—a. At Common Law.—As the common law disqualified all persons from testifying in any suit in which they had an interest, it follows that at common law a person would be incompetent to testify against a representative of a deceased person if the witness were interested in the result."

[10] 5 Chamberlayne, Treatise on the Modern Law of Evidence, Joyce's Ed., 1916, § 3669 "Under the practice at common law it was deemed that persons who were interested or were parties to the proceedings, were, by reason of such fact, so under the temptation to testify falsely that they should be rejected."

[11] 3 Jones on Evidence Civil Cases, 4th Ed., 1938, 1305, § 727: "The authorities announcing the earlier common law held that parties to a suit were incompetent as witnesses therein." 1308, § 728 "* * * it was the gen-

eral rule in chancery, as at law, that parties were not competent witnesses * * *"

[12] 2 Wigmore on Evidence, 3rd Ed., 1940, § 577: "The notion of interest at common law applied of course to the parties to the suit, for their interest in the event of the litigation was obviously the most marked.

"That this general principle of disqualifying interest was the real ground of their exclusion from testifying in their own favor is clear; and certain details of the rule rested directly on this theory, —for example, the consequence that a mere titular or nominal party was admissible, or a party against whom judgment had gone by default. The hardship and the anomaly, however, of this ground for exclusion were even more emphatic and apparent than in the case of ordinary interested persons."

[13] 12 Stat. 588, July 16, 1862, ch. 189, sec. 1. "That the laws of the State in which the court shall be held shall be the rules of decision as to the competency of witnesses in the courts of the United States, in trials at common law, in equity, and admiralty." See 1 Wigmore on Evidence, 3rd Ed., § 6a, for a complete statutory classification.

[14] 13 Stat. 351, July 2, 1864, ch. 210, sec. 3. "That in the courts of the United States there shall be no exclusion of any witness on account of color, nor in civil actions because he is a party to, or interested in, the issue tried." See 1 Wigmore on Evidence, 3rd Ed., § 6a.

[15] 13 Stat. 533, Mar. 3, 1865, ch. 113. That chapter 210, sec. 3, be "amended by adding thereto the following proviso: Provided, further, That in actions by or against executors, administrators, or guardians, in which judgment may be rendered for or against them, neither party shall be allowed to testify against the

was amended to indicate specifically that survivors were still incompetent as party witnesses, just as at common law. The survivor rule remained as an evolutionary vestige when the general statutes changing the common law rule of party witness incompetency were passed. This third period which lasted until 1906, saw passed in 1878 the Competency of Witnesses Act [16] which "evolved from [the] three statutes passed in 1862, 1864 and 1865 * * *".[17] This act did not change the federal law with respect to a survivor's testimony.

In 1906, however, a basic change was made.[18] The laws of the states were made controlling. This took the situation back to the first statutory period mentioned. Otherwise, however, this fourth period did not change the tenor of the law, for as will be pointed out, the state courts also barred the testimony of party survivors. In 1938, when the new federal rules came into effect, the situation was once again altered.[19] The nature of this change has been discussed. This fifth period brings the statutory situation up to date.

The state statutes which changed the common law did so only to a limited extent. While parties were no longer excluded as witnesses, an exception was made with respect to survivor parties. As to them the common law rule still applied. The change was gradual but today pervades almost all the states. Earlier writers speak of the exception obtaining in "most states." [20] A later commentator makes it clear that the exception now is firmly established in all but six of the states.[21]

The inevitable conclusion is that whatever door one tries it is firmly locked against the admissibility of the proffered testimony in this case. There never has been a federal rule admitting such evidence because the course of federal legislation has either been to make only incomplete changes in the original common law or to refer the matter to state law by which, as shown, the evidence is inadmissible. There is no help to be gained from the reference to suits in equity, the language used in Rule 43 (a) because of lack of application and because the survivor rule principle applied in equity suits as well as actions at common law.[22] The

---

other as to any transaction with, or statement by the testator, intestate, or ward, unless called to testify thereto by the opposite party, or required to testify thereto by the court." See 1 Wigmore on Evidence, 3rd Ed., § 6a.

[16] R.S. (Title 13, ch. 17) sec. 858, 28 U. S.C.A. note. "In the courts of the United States no witness shall be excluded in any action on account of color, or in any civil action because he is a party to or interested in the issue tried: Provided, That in actions by or against executors, administrators, or guardians, in which judgment may be rendered for or against them, neither party shall be allowed to testify against the other, as to any transaction with, or statement by, the testator, intestate, or ward, unless called to testify thereto by the opposite party, or required to testify thereto by the court. In all other respects, the laws of the State in which the court is held shall be the rules of decision as to the competency of witnesses in the courts of the United States in trials at common law, and in equity and admiralty." See 1 Wigmore on Evidence, 3rd Ed., § 6a.

[17] 1 Wigmore on Evidence, 3rd Ed., 178, § 6a.

[18] 34 Stat. 618, June 29, 1906, ch. 3608, 28 U.S.C.A. § 631 (Amended Revised Statutes 858 as follows) "The competency of a witness to testify in any civil action, suit, or proceeding in the courts of the United States shall be determined by the laws of the State or Territory in which the court is held." See 1 Wigmore on Evidence, 3rd Ed., § 6a.

[19] See note 1.

[20] 1 Wharton on Evidence, 2d Ed.1879, 414, § 466 "In most of the statutes, cases are excepted where the suit is against executors or administrators, in which cases the surviving party to a contract is not permitted to testify; or as it is sometimes put, cases in which one of the parties to a contract is dead, in which case the other party is not competent as a witness."

Sir J. F. Stephen, Digest of the Law of Evidence, Chase's Ed.1892, 193 Art. 106, Note "And, moreover, there is established by statute in most States one important exception, prohibiting a party from testifying in an action against an executor or administrator concerning a transaction with the decedent. These statutes differ in details * * *."

[21] 2 Wigmore on Evidence, 3rd Ed., § 578 "The scope of this modern rule excludes the testimony of the survivor of a transaction with a decedent, when offered against the latter's estate." The note to this adds " * * * the jurisdictions not recognizing this disqualification are half a dozen only."

[22] An early authority, 1 Wharton on Ev-

only conclusion we can reach is to say that the testimony offered by a survivor of the accident in this case is not admissible against his opponent.

■ We reach the result without enthusiasm. The rule excluding a survivor's testimony seems to stand in the almost unique situation of being condemned by all of the modern writers on the law of evidence. It is said to be as unsound and undesirable as the rule excluding the testimony of parties of which the survivor rule is a part.[23] But we believe this to be a case where a rule so thoroughly established through many generations of judicial history should be removed by legislative action or court rule which applies generally and not by judicial legislation against a party in a particular case.

Affirmed.

---

idence, 2d Ed.1879, 419, § 467, states: "The exception has been more cordially recognized from the fact that it rests on a principle which courts of equity concur in accepting."

More recently, we find in 1 Wigmore on Evidence, 3rd Ed.1940, 201, § 6c: "Under Rule 43, the 'rules of Evidence heretofore applied in the courts of the United States on the hearing of suits in equity' form the second choice to control. But where are these rules to be found? How vain will be the search for them has been shown ante, § 6. This part of Rule 43 seems to have little prospect of service."

The answers that have been found only serve to emphasize the lack of aid in the equity practice portion of Rule 43(a): "* * * reported federal equity decisions have almost never applied rules of evidence to specific cases. What will guide the court in its decision as to the propriety of including a given rule of admissibility in the equity system of evidence? The answer to this question is found in the maxim, aequitas sequitur legem. It is well established that generally speaking the law of evidence in courts of equity is identical with the law of evidence in courts of common law. [Citations noted]" Greene, "The Admissibility of Evidence Under The Federal Rules", 1941, 55 Harv. L.Rev. 197, 201. See also note 11.

23 Wigmore attacks it with characteristic vigor: "As a matter of policy, this survival of a part of the now discarded interest-qualification is deplorable in every respect; for it is based on a fallacious and exploded principle, it leads to as much or more false decision than it prevents, and it encumbers the profession with a profuse mass of barren quibbles over the interpretation of mere words." 2 Wigmore on Evidence, 3rd Ed.1940, 697, § 578.

"* * * such a statute destroys the possibility of collecting honest claims by the living. It may prevent perjury of a claimant but it does not prevent subornation of perjury by a claimant and perjury by witnesses," comment, Model Code of Evidence, 1942, 92.

The Report of the Legal Research Committee of The Commonwealth Fund says

"The ordinary statute has proved to be extremely cumbersome and difficult of operation." The survey conducted by the committee led them to the conclusion that "In a word the opposition to these [new or proposed] statutes [abolishing the survivor rule] is in inverse ratio to experience with them * * *." See 2 Wigmore on Evidence, 3rd Ed.1940, 699, § 578a.

Chamberlayne also sharply criticizes the survivor rule: "It seems strange that, in view of the acknowledged and recognized advantages which have been gained by sweeping aside the barriers of the common law respecting competency, such a situation should be allowed to exist. It is the old giant, misnamed 'policy of the law' or 'public policy', which for so long a time held judicial tribunals in its grasp * * which still remains tottering and feeble, apparently nearing the end." 5 Chamberlayne, Treatise on the Modern Law of Evidence, 1916, § 3670.

Bentham almost 100 years before, turned the hard light of reason on the whole common law rule of party disqualification: "In principle there is but one mode of searching out the truth: * * * Be the dispute what it may, see everything that is to be seen; hear everybody who is likely to know anything about the matter: hear everybody, but most attentively of all, and first of all, those who are likely to know most about it—the parties" Bentham, Rationale of Judicial Evidence, b. IX, pt. V, c. I, Bowring's Ed.1827, Vol. VII, pp. 487, 507. See 2 Wigmore on Evidence, 3rd Ed.1940, 693, § 577.

The periodical literature yields an equally overwhelming opposition to the survivor rule. We may take a sample almost at random. Thus Callahan and Ferguson, "Evidence And The Federal Rules of Civil Procedure", 1937, 47 Yale L.J. 194, 198: "Although the state competency statutes are generally satisfactory, there is one notorious exception which requires special attention. Most states have seen fit to enact statutes whose devious forms clothe the common principle that the survivor * * * may not testify * * *."