**EEN et al.**

v.

**CONSOLIDATED FREIGHT-WAYS et al.**

**Civ. No. 2831.**

United States District Court
D. North Dakota,
Southeastern Division.

April 1, 1954.

L. H. Oehlert (of Nilles, Oehlert & Nilles), Fargo, N. D., for plaintiffs.

J. F. X. Conmy, Fargo, N. D., for defendants.

VOGEL, District Judge.

This is an action for damages for personal injuries arising out of a collision between a car driven by the plaintiff Clarence O. Een, now an incompetent, and a truck driven by the defendant Dulski and owned by the defendant Consolidated Freightways. The jury returned a verdict for the defendants. The Court is now presented with plaintiffs' motion for a new trial. Such motion is based principally upon the grounds that the Court erred in allowing a defendants' witness, one John Holcomb, to testify, over objection, that from his observations he believed the collision had occurred on the west (defendants') side of the highway.

Holcomb was a deputy sheriff and former city policeman with over 17 years' experience investigating accidents as a law enforcement officer. He arrived at the scene of the accident approximately an hour and twenty minutes after its occurrence but before the damaged vehicles had been moved from the positions in which they had come to rest after the impact, and before the highway had been opened to other traffic. He was accompanied by a patrolman who also testified in the case, first at the instance of the plaintiffs, later being called by the defendants, but who was not asked by either party concerning his opinion as to where the collision took place. These two were the first police officials to arrive at the scene of the accident. Immediately after arriving, Holcomb took charge of unblocking the road and then in directing traffic past the stalled truck which he had had pulled to one side of the road. Holcomb also visited the scene of the accident on the morning after its occurrence.

After establishing Holcomb's qualifications and having him describe what he found and what he did, defendants' counsel asked him if, from his observations, he had formed an opinion as to where the impact occurred. Upon re-

ceiving an affirmative answer, he was asked to state the opinion. Plaintiffs' counsel objected on the grounds that it was incompetent, irrelevant and immaterial, calling for speculation, guess and conjecture, invading the province of the jury and called for a conclusion. The objections were overruled and the witness was allowed to state that in his opinion the impact occurred in the west lane of traffic. There was no objection to the qualifications of the witness and plaintiffs make no point of this in the motion for a new trial. In any event, whether an expert is sufficiently qualified to give an opinion is clearly within the discretion of the trial court. Chicago, Great Western Ry. Co. v. Beecher, 8 Cir., 1945, 150 F.2d 394, 400; 2 Wig., Ev'd., 3d Ed., Sec. 561. The issue, then, seems to be whether the matter was a proper subject for opinion testimony. The objection, while not specifically so stating, nevertheless raises that issue.

Rule 61 of the Federal Rules of Civil Procedure provides:

> "No error in either the admission or the exclusion of evidence * * is ground for granting a new trial or for setting aside a verdict or for vacating, modifying or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice."

█ Plaintiffs urge a North Dakota case in support of their contention that the opinion testimony of the witness Holcomb was not admissible. There appears to be no Federal precedent precisely in point. A preliminary issue thus arises as to whether the Federal Court is bound by the state rule of evidence. Rule 43(a) of the Federal Rules of Civil Procedure provides:

> " * * * All evidence shall be admitted which is admissible under the statutes of the United States, or under the rules of evidence heretofore applied in the courts of the United States on the hearing of suits in equity, or under the rules of evidence applied in the courts of general jurisdiction of the state in which the United States court is held. In any case, the statute or rule which favors the reception of the evidence governs and the evidence shall be presented according to the most convenient method prescribed in any of the statutes or rules to which reference is herein made. The competency of a witness to testify shall be determined in like manner."

Early commentators suggested that this rule placed admissibility upon the sole basis of relevancy and materiality; e. g., 5 Moore's Fed.Prac., § 43.02(3) at page 1313. It is clear, however, that the rule is not quite that broad. It has been held that the state Dead Man's Statute applies to exclude a survivor's testimony in the absence of a specific Federal statute or rule admitting such testimony; Wright v. Wilson, 3 Cir., 1946, 154 F.2d 616, 170 A.L.R. 1237. That result, however, was reached "without enthusiasm" in 154 F.2d at page 620, and the opinion states that:

> "It has been correctly pointed out that this is a rule of admissibility not exclusion." 154 F.2d at page 617.

Other cases are suggestive of the conclusion that the Federal rule will be deduced from general principles and related Federal decisions, although there is no stated Federal equity precedent available. Mosson v. Liberty Fast Freight Co., 2 Cir., 1942, 124 F.2d 448; Chicago, Great Western Ry. Co. v. Beecher, supra. This evidently is the view taken by 2 Barron and Holtzoff, Federal Practice and Procedure (1950 Ed.), p. 675, and suggested by 5 Moore's Fed. Prac., sec. 43.04, footnote 22.

In People's Gas Co. of Ky., Inc., v. Fitzgerald, Adm'r, 6 Cir., 1951, 188 F.2d 198, defendant urged that it was error to admit opinion testimony of expert witnesses as to the actual cause of an explosion. Plaintiff had recovered a verdict for damages based on defendant's negligence in causing the explosion. Conced-

ing that the state rule might exclude such evidence, the Court held it admissible, basing its ruling upon a general principle stated in an earlier Sixth Circuit case, although that case was not in point upon the precise question.

The United States Court of Appeals for this Circuit has indicated that it is largely within the discretion of the trial court to accept or reject opinion testimony by expert witnesses.

In Redding v. Long-Bell Lumber Co., 8 Cir., 1953, 207 F.2d 371, 376, the Court said:

"We think too the general subject of inquiry was a matter of common knowledge rather than a subject for expert testimony, at least it was within the discretion of the court to hear or decline to hear expert testimony."

See also 32 C.J.S., Evidence, § 449. Indeed, Wigmore advocates that the matter be left entirely within the discretion of the trial court. 7 Wig., Ev'd., 3d Ed., sec. 1929.

It should be noted that the objection that the testimony invades the province of the jury or that it is upon the very issue that the jury must decide has no validity. 7 Wig., Ev'd., secs. 1920, 1921. In Builders Steel Co. v. Commissioner of Internal Revenue, 8 Cir., 1950, 179 F.2d 377, at page 380 the Court stated:

"Where the matter under inquiry is properly the subject of expert testimony, it is no objection that the opinion sought to be elicited is upon the issue to be decided. Svenson v. Mutual Life Ins. Co. of New York, 8 Cir., 87 F.2d 441, 445 and cases cited."

The issue herein, then, is whether the point of collision upon the highway is properly the subject of expert testimony by a witness who personally observed the scene of the collision soon after its occurrence and who had had many years' experience in the investigation of automobile accidents.

The Supreme Court of North Dakota seems to have said that it is not, declar-ing, in Kohler v. Stephens, 1946, 74 N.D. 655, 24 N.W.2d 64, at page 73:

"The determination of these matters was exclusively within the province of the jury and it was error for the court to permit the former sheriff's conclusions with respect thereto to be submitted to the jury in the highly impressive form of a diagram."

In that case, however, it was held that it was not reversible error because the appellant also introduced a similar diagram through the same witness. Furthermore, it is true, as defendants point out at page 1 of their supplemental brief, that the opinion does not disclose whether the witness was testifying as a properly qualified expert or otherwise.

Plaintiffs herein rely greatly upon Beckman v. Schroeder, 1947, 224 Minn. 370, 28 N.W.2d 629, wherein the Minnesota Supreme Court held that it was reversible error to permit law enforcement officers, who investigated an accident and who were properly qualified as experts, to express their opinions as to how and where the collision occurred and to demonstrate these opinions with model cars. Several comments upon the Minnesota case seem pertinent. First, it quotes in 28 N.W.2d at pages 635–636, but does not comment upon an earlier Minnesota case which would seem to indicate a contrary conclusion, Carson v. Turrish, 140 Minn. 445, 168 N.W. 349, L.R.A. 1918F, 154, wherein the Minnesota court said:

"A witness who had considerable familiarity with autos, their make, equipment, operation and driving, was at the scene of the collision the morning following. He testified as to the wheel marks which he found on the pavement and gave his opinion of what they indicated relative to the movement of the defendant's car. The witness was sufficiently qualified to give an opinion. The conditions were so nearly as at the time of the accident that it was not error to receive his testimony

and it might be of value to the jury. It had a tendency to contradict the testimony of the chauffeur as to the movements of his car and was receivable in rebuttal."

Secondly, the Court acknowledges that the determination of whether expert evidence applies to the subject matter is largely within the discretion of the trial court but reversed the trial court therein, saying:

"In this case, in determining whether the accident happened on or the other side of the center line, the jury was as competent to make the decision as an opinion witness. No superior knowledge was required." 28 N.W.2d 629, 637.

That may well have been true in that case but different situations and different facts could very easily invite a contrary conclusion, particularly in a case such as we have here where counsel are ably urging completely opposite inferences from the same physical facts found to exist immediately following the accident.

Lastly, in commenting upon Beckman v. Schroeder, supra, it should be noted that the Minnesota Supreme Court has carefully limited, although not overruled, that decision in Woyak v. Konieske, 1952, 237 Minn. 213, 54 N.W.2d 649, 33 A.L.R.2d 1241. It was held that where the only objection was as to the foundation of the testimony and not that it was opinion or conclusion, it was admissible.

The defendants cite Zelayeta v. Pacific Greyhound Lines, Inc., 1951, 104 Cal. App.2d 716, 232 P.2d 572, for the conclusion that under the circumstances in this case the opinion of Holcomb was properly admitted. While the decision is not that of the highest appellate court in California, the reasoning in the opinion is highly persuasive. In that case, the Court said, at page 579 of 232 P.2d:

"Thus, expert testimony is admissible or not dependent upon whether the subject matter is within common experience or whether it is a special field where the opinion of one of skill and experience will be of greater validity than that of the ordinary juryman. It is quite obvious that the conclusion, based upon the facts of the particular case, as to just where a collision between two vehicles occurred, may be so obvious that any reasonable person, trained or not, can draw that inference from the facts. It is equally clear that cases may occur where the opinions of trained experts in the field on this subject will be of great assistance to the members of the jury in arriving at their conclusions. In such cases a traffic officer who has spent years investigating accidents in which he has been required to render official reports not only as to the facts of the accidents but also as to his opinion as to their causes, including his opinion, where necessary, as to the point of impact, is an expert. Necessarily, in this field, much must be left to the common sense and discretion of the trial court. (Citing cases.)"

In the case at hand, contrary inferences as to which side of the road the accident occurred on were earnestly argued by opposing counsel from the physical facts existing immediately after the accident. It would seem, therefore, that this is not a case where the conclusion as to where the collision occurred is so obvious that any reasonable person, trained or not, could easily draw the inference. Rather, it would seem to be a case where trained experts in the field would be of considerable assistance to the jurors in arriving at their conclusions.

Modern legal thinking indicates' quite clearly that the rule excluding opinion evidence is to be applied sparingly, if at all, so that the jury may have all evidence that may aid them in their determination of the facts. Thus, Wigmore states that, rightfully understood, the true test of the rule is whether opinion testimony upon this subject matter from

this particular witness may appreciably assist the jury. 7 Wig., Ev'd., 3d Ed., sec. 1923. He even suggests that the rule should be that all opinion testimony is admissible subject only to the trial court's discretion to exclude it upon considerations of trial convenience. 7 Wig., Ev'd., 3d Ed., sec. 1929.

The Model Code of Evidence, a product of the American Law Institute, would recast the rule in the following terms:

"*Rule 401. Testimony In Terms Of Opinion.*

"(1) In testifying to what he has perceived a witness, whether or not an expert, may give his testimony in terms which include inferences and may state all relevant inferences, whether or not embracing ultimate issues to be decided by the trier of fact, unless the judge finds

"(a) that to draw such inferences requires a special knowledge, skill, experience, or training which the witness does not possess, or

"(b) that the witness can readily and with equal accuracy and adequacy communicate what he has perceived to the trier of fact without testifying in terms of inference or stating inferences, and his use of inferences in testifying will be likely to mislead the trier of fact to the prejudice of the objecting party.

"(2) The judge may require that a witness, before testifying in terms of inference, be first examined concerning the data upon which the inference is founded."

The comment to that proposed Rule has this to say:

"*a. Changes in existing law.* The American decisions concerning opinion evidence exhibit much confusion in statement and inconsistency in application. Most of them purport to reject all opinion, lay and expert, upon issues ultimately to be decided by the jury, but in many cases the fact that the opinion covers a jury issue is conveniently overlooked. Many exclude all lay opinion and most expert opinion concerning such qualities of human behavior as care, safety, propriety, reasonableness and their opposites, and, to a less degree, concerning qualities of things. There is much conflict as to the admissibility of opinion as to skill or competence. On the other hand, courts usually admit opinion evidence as to distance, time, speed, size, weight, direction, form, identity and similar matters, although their decisions show some conflict concerning the qualifications required of the witness. They receive also lay and expert opinion as to sanity, identity of handwriting and value of services or things."

Eminent students of the law of evidence have commented as follows:

Professor Edmund M. Morgan, in the Foreward to the Model Code of Evidence, page 34:

"Judges and lawyers agree with commentators that the entire body of law dealing with opinion evidence needs radical revision. Mr. Wigmore says that the opinion rule 'has done more than any one rule of procedure to reduce our litigation towards a state of legalized gambling.' The rules evolved in this country which prevent a witness from relating his relevant experiences in language naturally and ordinarily used by laymen, because phrased in terms of inferences or conclusions, have invited numberless trivial appeals and have caused many indefensible reversals. They are vague in phrasing and capable of capricious application. There is an encouraging tendency in some modern trial courts to disregard them and in the more progressive appellate courts to refuse to interfere with the trial judge's application of them."

Dean Mason Ladd, A Modern Code of Evidence, 27 Iowa L.Rev. 214 (Model Code of Evidence, pp. 329, 349):

"Rule 401 is designed to eliminate the confusion in statement and inconsistency in application of the present law concerning the testimony given by witnesses, lay and expert, who offer testimony of what they have perceived. The emphasis of the model code is placed upon the personal knowledge whereof the witness speaks rather than the kind of language used in expressing his perceptions."

There is worthy judicial support for the views of these legal commentators. In Central R. Co. of New Jersey v. Monahan, 2 Cir., 1926, 11 F.2d 212, 213, Judge Learned Hand said:

"The other rulings sustained objections to questions which called for the opinion of the witnesses. These were probably correct, according to the orthodox American canon, and in any event the substance of the evidence ruled out either got before the jury or was unimportant. But in fact the questions excluded were reasonable, and it would have been better to allow them. The truth is, as Mr. Wigmore has observed at length (sections 1917–1929), that the exclusion of opinion evidence has been carried beyond reason in this country, and that it would be a large advance if courts were to admit it with freedom. The line between opinion and fact is at best only one of degree, and ought to depend solely upon practical considerations, as, for example, the saving of time and the mentality of the witness. It is hardly ever reversible error to admit such evidence; its foundation may generally be as conveniently left to cross-examination."

██ This Court is of the opinion that under the circumstances as they existed and in considering the evidence introduced at the trial, the opinion of the witness Holcomb was properly admitted. It was the view of this Court at the time the ruling was made during the trial that the subject was a proper one for the admission of an opinion of a concededly qualified expert. The physical facts and circumstances found immediately after the accident prompted contrary inferences to be argued with equal earnestness by able and experienced counsel. The witness had personally observed the physical facts and circumstances soon after the accident occurred, before the damaged vehicles had been moved, and before the highway had been opened to other traffic, and the witness was qualified through long years of experience in the investigation of automobile accidents. Where the inference or conclusion to be drawn is not so obvious that it can be said that the jurors were as equally competent to reach it as one skilled through long experience, then the opinion of one who is so skilled is not only admissible but may be of aid to the jurors. The witness was subject to cross-examination concerning the basis for his opinion but plaintiffs' counsel did not see fit to inquire into it and refused to permit the witness to state his reasons when he offered to do so. In the instructions of the Court to the jurors, they were told specifically that they were not bound by the opinions of expert witnesses, that the testimony of expert witnesses was purely advisory and that they should give such weight and value to such opinions as they thought right and proper under the circumstances. If this Court had been sitting as the trier of the facts, then under the peculiar circumstances here existing it would have felt that the opinion of the witness Holcomb would have been of assistance in determining the ultimate facts.

The motion for a new trial must be denied.

It will be so ordered.