224 F.2d 237
 OTTO S. TAYLOR, Appellant,
v.
Max P. CRAIN and Mason W. Crain, Now Amended to Max P. Crain and Jacqueline B. Crain, Administratrix of the Estate of Mason W. Crain, Deceased.
 No. 11479.
 No. 11480.
 United States Court of Appeals Third Circuit.
 Argued April 22, 1955.
 Decided June 23, 1955.
 
 Hymen Schlesinger, Pittsburgh, Pa., for appellant.
 H. A. Robinson, Pittsburgh, Pa. (Dickie, McCamey, Chilcote, Reif & Robinson, Pittsburgh, Pa., on the brief), for appellees.
 Before GOODRICH, McLAUGHLIN and STALEY, Circuit Judges.
 GOODRICH, Circuit Judge.
 
 
 1
 This case, involving an alleged injury to the libellant, a seaman, is here for the second time. Upon the first appeal we sent it back for a finding upon the question of the respondent's prejudice by virtue of laches, 3 Cir., 1952, 195 F.2d 163. After hearing, the district court found that there was no prejudice and also followed the direction of this Court in dismissing the complaint under the Jones Act, 46 U.S.C.A. § 688, because it had come too late. D.C.W.D.Pa.1954, 125 F. Supp. 314.
 
 
 2
 The court entered judgment for the libellant in the action for maintenance and cure. It found for the respondent on the claim for unseaworthiness. Taylor complains that the award for maintenance and cure was not enough; likewise, that the judge erred in finding that there was no unseaworthiness and in refusing to reopen the case to allow the presentation of what was claimed to be "newly discovered" evidence.
 
 
 3
 Although briefs and arguments still repeat the phrase about an appeal in admiralty being a trial de novo, the Supreme Court has now stated categorically that we are to treat a finding in an admiralty case the same as one in a civil action governed by Rule 52(a) of the Federal Rules of Civil Procedure, 28 U. S.C. McAllister v. United States, 1954, 348 U.S. 19, 75 S.Ct. 6. There is no basis for challenging the district court's conclusion on the facts in this case. If the fact question was all this litigation presented we could affirm per curiam at this point.
 
 
 4
 There is in the case, however, one interesting law point which compels examination. The ship on which this accident took place was owned by a partnership composed of Max P. Crain and Mason W. Crain. At the time of the accident Max P. Crain was the captain of the ship. Between the time of the alleged accident which took place May 28, 1945, and the filing of the suit Mason W. Crain died. Over defendant's objection, Jacqueline B. Crain, his administratrix, was substituted as a defendant. Taylor was offered as a witness. He wanted to testify as to the accident and also an alleged contract by which he claimed that Mason W. Crain had promised him, Taylor, employment for life. The trial judge excluded Taylor's testimony under the Pennsylvania "dead man" statute of 1887. Pa.Stat.Ann. tit. 28, § 322 (Purdon's, 1930). It is urged on behalf of Taylor that this is incorrect.
 
 
 5
 Appellee cites to us our own decision in Wright v. Wilson, 3 Cir., 1946, 154 F. 2d 616, 170 A.L.R. 1237. In that case we traced in some detail the application of state law and Congressional statute with regard to admissibility of evidence and competency of witnesses. The question of the application of the statute to a party to a transaction with a deceased person is a matter of competency of the witness. The testimony may be completely relevant yet inadmissible. Balla v. Sladek, 1955, 381 Pa. 85, 112 A.2d 156. But the trouble is that Wright v. Wilson, the correctness of which we have no doubt, was a case which had to do with a civil action governed by the Federal Rules of Civil Procedure and not a suit in admiralty.[1]
 
 
 6
 The last edition of Benedict on Admiralty states categorically that "the laws of the state in which the court is held furnish the rule of decision as to the competency of a witness." § 381(a). This edition, by Mr. Knauth, bears the date of September, 1940. The authority cited for the proposition is Revised Statutes § 858, 28 U.S.C.1946 Ed. § 631, which states the rule in the very terms in which it appears in Benedict and calls attention to the fact that the provision is superseded in civil actions by the statute of 1934 and by the Rules of Civil Procedure. The author suggests, "that the Supreme Court in the absence of fresh statutory authority to alter the rule as to admiralty suits, has no authority to do so." And in a very carefully analyzed article by Professor Wendall O. Wideman, 17 Calif. L.Rev. 147 (1928), the same statement appears as to competency of witnesses accompanied by a careful history of the statutes on the subject. If this case had come between 1928 and 1948, our problem would be easy of solution. We could end our discussion by saying that the Wright v. Wilson rule applies in admiralty cases as well as civil actions. The Pennsylvania statute would govern this case as to competency of the witness.
 
 
 7
 But in 1948 the Congress repealed section 858 of the Revised Statutes which had stated the rule already quoted from Benedict. See 62 Stat. 993 (1948). At the same time, Congress supplied the deficiency pointed out in Benedict by giving the Supreme Court broader power to prescribe the admiralty rules for district courts. 28 U.S.C. § 2073. The Supreme Court has promulgated no rule to provide for the repealed section 858. Nevertheless, the rule tying the admiralty court to the local rules of competence has been put in the legislative wastebasket.
 
 
 8
 That being so, what does a court do without a Supreme Court rule or a legislative provision to direct its conduct in this matter? Shall we try to find out what the law of the sea was as to competency of witnesses under the laws of Oleron or the Rhodian Law? Or shall we say the question should be faced by a court in view of what it knows of the legal world in 1955? The question is, of course, rhetorical. We are talking present-day law. It took legislative action to abolish the rule disqualifying a person as a witness who had an interest in the transaction. If such a statute were repealed we take it that no one would contend seriously that a party could not be a witness in his own case even without statutory authority to allow it. Let us then try to face this question of competency in this case as a court in 1955 should try to decide it.
 
 
 9
 In 1853 a British Royal Commission said: "Now, plain sense and reason would obviously suggest that any living witness who could throw light upon an issue should be heard to state what he knows, subject always to such observations as may arise as to his means of knowledge or his disposition to the truth."[2] James Bradley Thayer pointed out more than a half century ago the basic precept that "unless excluded by some rule or principle of law, all that is logically probative is admissible."[3] The basis for excluding that which is logically relevant to prove a proposition involved is thus stated by Morgan: "The theory upon which any privilege to suppress the truth in a judicial proceeding is created or allowed to persist is that the advantage to society of preventing the witness from testifying or of preserving secrecy, in the majority of instances and in the long run, outweighs the disadvantages and hardship caused by the necessity of deciding a particular case without knowledge of all relevant materials."[4]
 
 
 10
 Certain matters logically relevant are excluded because of the supposed precautions necessary for guarding jury trials. Wigmore has this to say:
 
 
 11
 "4. The jury of laymen must be reckoned with. Our system of Admissibility is based on the purpose of saving the jurors from being misled by certain kinds of evidence. Their inexperience in analyzing evidence, and their unfamiliarity with the chicanery of counsel, distinguish them from the judge in this respect. As long, then, as the jury system is retained, certain fundamentals (at least) in our rules of Evidence must be retained."[5]
 
 
 12
 Here in admiralty we have no problem of taking precautions against the inexperience of lay jurors. A case is tried to the judge who is experienced and skilled in finding facts and sifting truth from falsehood. The rule which excludes testimony by the living in a transaction with one now dead has been sharply criticized by numerous modern writers upon the law of evidence. Some of these authorities are collected in footnotes to our case of Wright v. Wilson cited above. Morgan says about this situation: "Wigmore and most other commentators have condemned such statutes. The Commonwealth Fund Committee, the American Law Institute, The American Bar Association and the Evidence Code Committee of the Missouri Bar have recommended their abolition, * * *"[6]
 
 
 13
 We see no reason why a court free to state the rule it considers a proper one should adhere to a statutory limitation thus disapproved by modern authorities. Our conclusion is all the stronger because we have here no complication of the problem involved in jury trials. We think the witness is not rendered incompetent by the death of the other party to an alleged transaction and he may tell his story subject, of course, to other exclusionary rules which may be applicable in a particular situation, bearing in mind that this is an admiralty suit.[7]
 
 
 14
 That being so, this case must go back to let the court receive such part of the relevant testimony as was excluded by the so-called "dead man" rule. This does not involve the slightest intimation on our part that the additional testimony will change the result. It only means that the libellant shall have a chance to say his say.
 
 
 15
 The judgment of the district court will be reversed and the case remanded for further proceedings in accordance with this opinion.
 
 
 
 Notes:
 
 
 [1]
 Fed.R.Civ.P. 81(a) (1) specifically provides that: "These rules do not apply to proceedings in admiralty."
 
 
 [2]
 Quoted in Morgan, Basic Problems of Evidence, 74 (American Law Institute, 1954)
 
 
 [3]
 Thayer, A Preliminary Treatise on Evidence at the Common Law, 265 (1898)
 
 
 [4]
 Morgan, op. cit. supra note 2, at 43
 
 
 [5]
 I Wigmore on Evidence, 261 (3d ed., 1940)
 
 
 [6]
 Morgan, op. cit. supra note 2, at 85
 
 
 [7]
 See 3 Benedict on Admiralty, § 381b (6th ed., Knauth, 1940)
 
 
 
 16
 McLAUGHLIN, Circuit Judge (dissenting).
 
 
 17
 Much can be said for and against the abolishment of the principle excluding survivor's testimony of the transaction with a deceased person. However, this intermediate appellate court's in-stride action to that effect as part of 1955 common sense does not seem quite the way to go about it.
 
 
 18
 The principle involved is not the creature of a statute. It is a common law sanction deeply rooted in English law. Therefore the failure of the Supreme Court to prescribe a rule to take the place of Section 858 of the Revised Statutes, 28 U.S.C.1946 ed. Sec. 631, does not result in a vacuum which we may casually fill as we pass by. See Dowling v. Isthmian S. S. Corporation, 3 Cir., 1950, 184 F.2d 758, certiorari denied 1951, 340 U.S. 935, 71 S.Ct. 493, 95 L.Ed. 675.[1] Normal statutory construction must be applied to the congressional repeal of Section 858. Simply stated the rule is that "* * * a right of common law nature which is further embodied in statutory terms exists as an enforceable right exclusive of the statute declaratory of it, and therefore the right is not expunged by the repeal of the statute." (Emphasis supplied). 1 Sutherland, Statutes and Statutory Construction, Sec. 2043 (Horack, 3rd ed. 1943).
 
 
 19
 This court in Wright v. Wilson, 3 Cir., 1946, 154 F.2d 616, 619, 170 A.L.R. 1237 certiorari denied 1946, 329 U.S. 743, 67 S.Ct. 50, 91 L.Ed. 640, in discussing the admissibility of survivor testimony stated: "There never has been a federal rule admitting such evidence" and "the survivor rule principle applied in equity suits as well as actions at common law." It concluded, "we believe this to be a case where a rule so thoroughly established through many generations of judicial history should be removed by legislative action or court rule which applies generally and not by judicial legislation against a party in a particular case." (Emphasis supplied.)
 
 
 20
 There is no suggestion that the earlier admiralty rule with respect to the competency of survivors differed from that employed in the courts of equity. When Congress freed admiralty from the control of state laws it did not repeal the earlier standard. It merely authorized the Supreme Court to make new rules. In the absence of a new competency of witness rule resort must be had to the previously established survivor principle. And until the Supreme Court issues such rule[2] the non-competency of the survivor as a witness in the particular circumstances must stand.
 
 
 21
 Whether or not district courts can look to the Federal Rules of Civil Procedure in applying admiralty rules (and there is some authority to justify that position)[3] this court has no proper basis for assuming that the Supreme Court when and if it does promulgate a rule in admiralty respecting the competency of survivor witnesses will make it broader or "more liberal" than Rule 43(a) adopted by it in the Federal Rules of Civil Procedure, which admittedly would operate to exclude such testimony if it were applied.
 
 
 22
 Until now the survivor principle has received practically universal application in both the federal and state courts,[4] in common law and in equity, in the former federal statute[5] and in the application of our modern federal rules.
 
 
 23
 The Congress has given the Supreme Court sole power to designate the procedure regarding the testimony in question. The court opinion here usurps that power under some theory of judicial legislation which in view of the firm interim status of the survivor testimony rule is completely untenable.
 
 
 
 Notes:
 
 
 [1]
 Wherein this court considered the ancient admiralty practice in the absence of a Supreme Court Admiralty Rule in another area
 
 
 [2]
 Or perhaps until the district court promulgates its own rule in accordance with the power given to it by the Supreme Court under Rule 44 of the Admiralty Rules, 28 U.S.C
 
 
 [3]
 See Great Atlantic & Pacific Tea Co. v. The Velox, D.C.S.D.N.Y.1940, 36 F.Supp. 929; American S.S. Co. v. Buckeye S.S. Co., D.C.W.D.N.Y.1941, 1 F.R.D. 773
 
 
 [4]
 Wigmore indicates only a half-dozen jurisdictions which do not recognize this disqualification. 2 Wigmore, Evidence, Sec. 578 n. 1 (3rd ed. 1940)
 
 
 [5]
 Before Section 858 of the Revised Statutes was amended in 1906 to make state rules respecting the competency of witnesses applicable in every respect, it provided:
 "In the courts of the United States no witness shall be excluded in any action on account of color, or in any civil action because he is a party to or interested in the issue tried: Provided, That in actions by or against executors, administrators, or guardians, in which judgment may be rendered for or against them, neither party shall be allowed to testify against the other, as to any transaction with, or statement by, the testator, intestate, or ward, unless called to testify thereto by the opposite party, or required to testify thereto by the court. In all other respects, the laws of the State in which the court is held shall be the rules of decision as to the competency of witnesses in the courts of the United States in trials at common law, and in equity and admiralty." Revised Statutes of United States, 2nd ed., 1878. This language was in effect from 1865 until 1906. 13 Stat. 351, 533 (1864-5); 34 Stat. 618 (1906).