Irving **HART** and **Doris Hart**, his wife,

v.

Max **FRIEDMAN**

v.

Irving **HART**.

Civ. A. No. 27395.

United States District Court
E. D. Pennsylvania.
Nov. 21, 1961.

Stephen M. Feldman, Philadelphia, Pa., for plaintiffs.

Howard R. Detweiler, Philadelphia, Pa., for defendant.

Order and Opinion sur Plaintiffs' Motion for Leave to Use Depositions Pursuant to Federal Rule of Civil Procedure 26(d) (3)

(Document No. 13)

And Now, November 21, 1961, after consideration of the foregoing Motion, the attached briefs of counsel, oral argument and the record, IT IS Ordered that Plaintiffs' Motion For Leave To Use Depositions Pursuant To Federal Rule of Civil Procedure, rule 26(d) (3), 28 U.S.C.A. (Document No. 13) is Granted, without prejudice to defendant's right to apply to the pre-trial judge and/or trial judge for modification of this order.

/s/ Francis L. Van Dusen
J.

This is an action for personal injuries arising out of a collision in North Carolina between an automobile being driven by plaintiff, Irving Hart, in which plaintiff Doris Hart was a passenger, and an automobile being driven by defendant, Max Friedman.[1] Defendant's attorney took discovery depositions of plaintiffs on January 24, 1961 (Document No. 15). Attorney for plaintiffs had served notices for the taking of defendant's deposition on February 8, 1961, but the taking of this deposition was continued on request of defendant's attorney. Between February 8, 1961, and March 15, 1961, the second date set for the taking of defendant's deposition, defendant died.

Plaintiffs have brought the present motion pursuant to Rule 26(d) (3) for leave to use their depositions taken on January 24, 1961, for any purpose, particularly at the trial of the case, because of the unusual circumstances existing in this case.

■ Whether or not the depositions of plaintiffs would be admissible at trial because of plaintiffs' competency at the time they were taken depends on the

1. Defendant filed a third-party action (Document No. 7) against Irving Hart subsequent to the filing of the Complaint.

**4**

Pennsylvania Rules of Evidence.[2] Under Pennsylvania, law, as found in 28 P.S. § 322 (1887),[3] plaintiffs are not now competent to testify orally at the trial. Wright v. Wilson, 154 F.2d 616, 617, 170 A.L.R. 1237 (3rd Cir.1946), cert. den. 329 U.S. 743, 67 S.Ct. 50, 91 L.Ed. 640 (1946); cf. Taylor v. Crain, 224 F.2d 237, 239 (3rd Cir.1955). The incompetency created by 28 P.S. § 322, however, is inapplicable under some circumstances, even though one of two participants in an accident is dead at the time of trial.[4]

Some early Pennsylvania cases permitted testimony taken at a former trial, when a witness was competent, to be used at a later trial when the witness was incompetent to testify orally.[5] This is now permitted by statute. See 28 P.S. § 327 (1887), which provides:

> "Whenever *any person* has been examined as a witness in any civil proceeding before any tribunal of this commonwealth *or conducted by virtue of its order or direction,* if such witness afterwards die, * * *or if he become incompetent to testify for any legally sufficient reason,* and if the party, against whom notes of the testimony of such witness are offered, had actual or constructive notice of the examination and an opportunity to be present and examine

or cross-examine, properly proven notes of the examination of such witness shall be competent evidence in any civil issue which may exist at the time of his examination, or which may be afterwards formed between the same parties and involving the same subject-matter as that upon which such witness was so examined; * * *." (Emphasis supplied.)

Plaintiffs urge this court to rule that their present Motion should be granted under the above statute, which refers to prior testimony "in any civil proceeding before any tribunal of this commonwealth or conducted by virtue of its order or direction."

Although no cases have been presented to the court which deal with this exact evidentiary question or which interpret 28 P.S. § 327 in a factual situation similar to this one now before the court, the rules of evidence and the substantive law in this case are conducted "by virtue of its order or direction." [6]

Since the so-called "Dead Man's Rule," contained in 28 P.S. § 322, an exception to the general rule that all witnesses are competent, has been condemned by most of the modern writers on evidence,[7] it is not necessary to extend it to cover the present factual situation.[8] In this case, the underlying reasons for which the

---

2. Both F.R.Civ.P. 26(d) and Rule 4020, Pa.R.Civ.P., 12 P.S.Appendix, state "Depositions, so far as admissible under the rules of evidence, may be used * *."

3. The Pennsylvania law on competency is applicable since there is no federal law on the subject. See F.R.Civ.P. 43(a).

4. See, e. g., 28 P.S. § 325 (1891); Rosche v. McCoy, 397 Pa. 615, 625, 156 A.2d 307 (1959); Gallagher v. Rogan, 330 Pa. 545, 549, 199 A. 168 (1938).

5. Galbraith v. Zimmerman, 100 Pa. 374, 375 (1882); Wolfinger v. Forsman, 6 Pa. 294, 295–6 (1847). See Merriman v. McManus, 102 Pa. 102, 106 (1883). These cases were decided before 28 P.S. § 322 was enacted and none is factually like the instant case.

6. This ruling is not based on any waiver of the statute (28 P.S. 322), since such a waiver does not result from taking a discovery deposition. See Duling v. Markun, 231 F.2d 833 (7th Cir.1956); Campbell v. Bennett, 24 Pa.Dist. & Co.R.2d 716 (C.P.Montg.1961).

7. See authorities cited in Wright v. Wilson, supra, at p. 620 of 154 F.2d.

8. The hearing judge has not overlooked the holding that " * * * a rule so thoroughly established through many generations of judicial history should be removed by legislative action or court rule which applies generally and not by judicial legislation against a party in a particular case" (Wright v. Wilson, supra, at p. 620), but, similarly, the rule should not be extended by judicial legislation. See Taylor v. Crain, supra.

"Dead Man's Rule" was enacted are not present since the depositions were taken by decedent's counsel at a time when the witnesses were competent and there was no reason for them to believe that defendant would not be able to testify on the same subject at later depositions, which were scheduled when plaintiffs' depositions were taken, and at the trial.

As indicated by Dean Wigmore, 2 Wigmore (2nd Ed.) 578, at page 696, the primary reason behind the "Dead Man's Rule" is that the temptation to falsehood and concealment in such cases is considered too great to allow the surviving party to testify in his own behalf. See Weaver v. Welsh, 325 Pa. 571, 576–7, 191 A. 3, 7 (1937), where the court said:

"* * * the purpose of (28 P.S. 322) * * * is obviously to prevent the injustice which might flow from permitting the surviving party to a transaction with a decedent to give testimony thereon favorable to himself and adverse to the decedent, which the latter's representative would be in no position to refute: * * *."

There was no such temptation when these depositions were taken, since the defendant was alive and able to testify, as noted above. The inability of defendant to refute the testimony as given results from his decedent's failure to appear for his deposition when noticed.

The question of admissibility of the depositions under the terms of F.R. Civ.P. 26(d) (3), par. 5, even though their contents are admissible under the rules of evidence, is a more difficult question. F.R.Civ.P. 26(d) (3), par. 5 provides as follows:

"The deposition of a witness, whether or not a party, may be used by any party for any purpose if the court finds: * * * 5, upon application and notice, that such exceptional circumstances exist as to make it desirable, in the interest of justice and with due regard to the importance of presenting the testimony of witnesses orally in open court, to allow the deposition to be used."

On the basis of the record now before the court, the following constitute sufficient "exceptional circumstances" to make these depositions qualify under the above language in view of the plaintiffs' burden of proof:

A. The only other eye-witness testimony available will be defendant's wife and the parents of his son-in-law, who were in his car.[9]

B. There is no alternative in this case between live testimony and the depositions, since the former is barred by 28 P.S. § 322.

The defendant's contention, however, that the normal discovery deposition is taken only "to discover the essential facts of the litigation" (see page 2 of letter of September 19, attached to defendant's brief) has been considered, even though, because of the death of witnesses, discovery depositions are used at trials from time to time and counsel should anticipate this possibility in the case of discovery depositions of parties in view of 28 P.S. § 327. At the time of pre-trial or trial, it may be that other witnesses will be available or other factors bearing on the application of F.R.Civ.P. 26(d) (3) par. 5 may be in the record. For these reasons, and because of the substantial evidentiary question involved, the foregoing order has been worded to avoid the holding in United States v. Wheeler, 256 F.2d 745, 746–7 (3rd Cir.1958),[10] and to permit the issue to be raised again by defendant at the time of pre-trial or trial. Cf. Mayle v. Criss, 163 F.Supp. 576, 579 (W.D.Pa.1958).

---

9. See pp. 2 and 3 of letter of 9/15/61, attached to plaintiffs' brief. It is stated there that the knowledge of plaintiffs' young children is limited because they were in the back seat.

10. That case holds that once a judge of this court enters a ruling on any aspect of a proceeding, no other judge may overrule same, barring the death or resignation of the judge or his completion of a temporary assignment to this District.