THE STATE v. J. A. NORRIS et al,

*County Commissoners—Salaries and Fees—Mileage—Officer, Criminal Liability.*

1. Members of the Board of County Commissioners are only entitled to mileage for the distance by the usual route traveled to attend such *meetings* of the Board as the statute has prescribed, and returning from such meeting ; they cannot charge mileage for each day, although they may actually return to their homes at the close of each day of a meeting.

2. Where a Board of County Commissioners audited accounts in favor of its members for mileage, to which they were not entitled, and it was found as a fact that they did so under advice and without any corrupt or fraudulent motive : *Held,* that the members of the Board were not indictable, either under the statute—*The Code,* §§ 711, 1090—or at common law.

This was an INDICTMENT, which was contended by the State could be sustained against the defendants County Commissioners, either under section 711 or section 1090 of *The Code* or at common law, for charging for mileage contrary to law, and causing their accounts to be audited and paid, tried at September Term, 1892, of the Superior Court of WAKE COUNTY before *Bryan, J.*

The jury returned a special verdict as follows:

"It is admitted that the defendants ordered the Clerk of the Board of County Commissioners to issue an order to Langdon Dowd, the defendant above named as one of the members of the Board, for the sum of two dollars per day and for ten cents per mile for each day upon which he attended the meeting of the said Board, that is, five cents a mile coming and five cents a mile returning home whenever the said defendant actually traveled the number of miles charged for.

"It is further admitted that S. J. Allen, a member of the Board of Commissioners of Wake County, just prior to the

term of office of the defendants informed defendants that it was the usage and custom of the Board to charge the same mileage actually traveled that was charged by defendants and the same that defendants ordered the said Clerk to give an order upon the County Treasurer for.

"It is admitted that sometimes the said Board held sessions commencing on the first Monday in the month and extending through Tuesday and Wednesday, and that some of these meetings (extending over Tuesday and Wednesday) were in months other than June and December. That from these continuous meetings the said Commissioners would return home at night, and that mileage was charged for the distance traveled.

"It is further admitted that the said Board attended once in three months the poor-house of the county and work-house for auditing the accounts of the Superintendent of the poor and work-house of the county, and that the day they attended is one of the days mentioned above.

"It is admitted that to some of the meetings of the Board three mileages were charged against the county and paid by the county for attendance for three successive days, the members of the Board going home each night.

"It is further admitted that the chairman of the Board, J. A. Norris, one of the defendants named, was advised, when the defendants came into office, by the Solicitor for the State at that time in this judicial district, that the Board, under the law, were entitled to the mileage charged by them, and that since that they ordered the Clerk of the Board to pay the defendant Langdon Dowd, which was imparted to the Board. And thereafter A. D. Jones, a reputable attorney of this Court, then duly elected attorney of the Board, advised that the defendants are entitled, under the law, to the said mileage. Upon this statement of facts, if the Court declares that the defendants are guilty, then the jury so find,

but if the Court adjudges that the defendants are not guilty, the jury so finds."

The following admission was entered by the Solicitor before the special verdict was recorded:

"Upon the trial of this case, and before the special verdict was recorded, it was stated in open Court by the Solicitor for the State that there was no contention on the part of the State that the defendants took the mileage mentioned in the bill of indictment with any corrupt or fraudulent motive. This is admitted on the part of the State, and the Clerk is authorized to include the same in the case on appeal."

Whereupon, the Court adjudged that the defendants were guilty, and entered judgment accordingly.

Defendants appealed.

*The Attorney General,* for the State.
*Mr. Armistead Jones,* for defendants.

AVERY, J.: The statute (*The Code,* § 3747) provides that, in addition to their per diem, jurors shall receive "not exceeding five cents," etc., " per mile of travel going to and returning from Court." Substantially the same provisions, in so far as the language fixes the amount of mileage, were embodied in previous laws (Rev. Code, ch. 28, sec. 15; Rev. Stats., ch. 28, sec. 21), and had been construed uniformly to allow compensation for the distance traveled by the usual route from a juror's home to reach the courthouse on the first day of the term, and for the same distance in returning at the end of the term. Each Commissioner, according to the statute (*The Code,* § 709), is to " receive for his services and expenses in attending the meetings of the Board not exceeding two dollars per day, as a majority of the Board may fix upon, and they may be allowed mileage to and from their respective places of meeting, not to exceed five cents per mile." Section 706 was evidently drawn with

the purpose of limiting the length of the sessions of the Board, so that at the special meetings held on the first Monday of months other than June and December, they shall not continue in session longer than two days, and of incidentally restricting the right of the Board to incur expense. There is a similarity of expression in the statutes regulating the compensation of jurors and Commissioners that naturally leads to the conclusion that it was the purpose of the Legislature to limit the allowance for mileage to the distance traveled by the usual route to reach the place of meeting on the first Monday of each month and the same distance added when the monthly meeting should end, whether on the evening of the first day or after the lapse of two or more days.

It remains to determine whether in auditing accounts for and receiving a greater amount of mileage than was due to them, the individual members of the Board have made themselves amenable to this criminal prosecution. The verdict and admissions would fall short of establishing the guilt of the defendants, if the indictment were admitted to be so drawn as to charge with sufficient certainty either or both of the offences created by section 1090 of *The Code.* The proof fails to sustain the charge of wilful neglect or omission to discharge a duty, since its sole tendency is to show the commission of an offence consisting in the act of causing or directing an order to be issued to the County Treasurer to pay a greater sum as per diem and mileage than was due. *State* v. *Snuggs,* 85 N. C., 541; *State* v. *Hawkins,* 77 N. C., 494.

It is equally insufficient to justify a verdict of guilty under the last clause of that section, since it is found as a fact that the defendants did not take the money received by them as mileage " with any corrupt or fraudulent motive," whereas it is essential, in order to sustain that charge, "to aver in the indictment and prove upon the trial a corrupt intent." *State* v. *Pritchard,* 107 N. C., 921.

The essence of the offence created by section 711 of *The Code* is the "neglect to perform any duty required by law," and an indictment drawn under it cannot be sustained by proof of the act of wilfully taking a greater sum as mileage than was due. To support the charge of the common law offence of taking illegal fees, it is also necessary to prove " a corrupt motive" (2 Wharton Cr. Law, 7th ed., sec. 2521), while the evidence falls as far short of proving the common law offence of neglecting to discharge a duty enjoined by law, as it does of showing neglect, as distinguished from overt acts in violation of the provisions of sections 711 and 1020, *supra.*

For the reasons given, we are of opinion that while the defendants were not entitled to the mileage charged, there was error, nevertheless, in declaring them guilty upon the return of the special verdict, and a new trial must therefore be granted.                             New Trial.