WILLIAM STEPHEN DEAK, ADMINISTRATOR AD PROSE-
QUENDUM, v. PERTH AMBOY GAS LIGHT COMPANY.

Decided October 10, 1923.

**Examination Before Trial—Plaintiff and Administrator Refused
to Answer on Ground that he Acted in Representative
Capacity—Must Answer Unless Questions Related to Trans-
actions with or Statements by Intestate.**

On application for an order requiring plaintiff to answer
certain questions propounded to him at his examination
before trial.

For the motion, *Collins & Corbin.*

*Contra, Thomas Brown.*

The opinion of the court was delivered by

BERGEN, J. .This action was brought by the plaintiff as
*administrator ad prosequendum* of Stephen Deak, Anna Deak
and Annastasia, deceased, who were killed by an accident
alleged to have resulted from the negligence of the defendant.
The defendant, desiring to examine the plaintiff before trial,
served him with a subpœna as provided by the act (*Pamph. L.*
1914, *p.* 151), commanding him to appear before a Supreme
Court examiner, which the plaintiff obeyed and was sworn,
but, under the advice of counsel, refused to answer most of
the questions.

The statute invoked provides, "any party to an action
may be examined as a witness at the instance of an adverse
party, or any one of the several adverse parties after issue
joined and before trial." The first objection to the making
of the order is that plaintiff is not a "party" when acting in
a representative capacity. There is nothing in this objection;
the plaintiff is a party to the action and is no less so because

his character is that of a representative of the estate of deceased persons.

The next objection is that one prosecuting an action in a representative capacity is disqualified as a witness unless he offers himself as such. A reading of the Evidence act (*Comp. Stat., p.* 2218, § 4) plainly qualifies one as a witness who may sue or be sued in a representative capacity, but no party is to testify to any transaction with or statement by a party thus represented, unless the representative offers himself as a witness on his own behalf and testifies as to any such transaction or statement.

Therefore the defendant in this case could not compel the plaintiff to testify to a transaction with, or statements by the deceased represented by him, if thereby it opened the door to defendant to prove any transaction with or statements by the intestate.

The method to compel an answer by plaintiff is the same as in the case of interrogatories, not answered by the plaintiff, which is to dismiss the proceedings, and is the only remedy provided by the statute of 1914, *supra,* and if the questions should have been answered they must be, or plaintiff's action dismissed.

An examination of the questions which plaintiff refused to answer show that none, except the last, in any way related to any transaction with, or statements by, the intestate, and all, except the last one, must be answered or the case dismissed. The plaintiff will be allowed twenty days in which to present himself to the officer before whom the examination was taken and make answer to all of the questions propounded, except the last, and in default the defendant may apply to have the proceedings dismissed.

The defendant is entitled to costs of this motion.