84 N.J. Super. 577 (1964)
202 A.2d 893
JOHN BUSKA, AN INFANT BY CARL G. BUSKA, HIS GUARDIAN AD LITEM, AND CARL G. BUSKA, INDIVIDUALLY, PLAINTIFFS,
v.
ARTHUR AQUINALDO, AS EXECUTOR OF THE ESTATE OF VINCENT A. REMOLETE, DECEASED, DEFENDANT.
Superior Court of New Jersey, Union County Court, Law Division.
Decided June 23, 1964.
*579 Mr. Harry Wolf, for plaintiffs.
Mr. Francis M. Shawl, for defendant (Messrs. Marley, Winkelried & Hillis, attorneys).
FULOP, J.C.C.
The question presented is the applicability of N.J.S. 2A:81-2 to a negligence action in which one of the parties is sued in a representative capacity.
On March 7, 1961 the infant plaintiff, then aged 8, was struck and injured by an automobile owned and operated by Vincent Remolete. This action for damages for the injuries thus suffered was instituted on May 8, 1962. Thereafter Remolete died and his executor was substituted as defendant.
The case was tried to a jury. The evidence established that John Buska was struck by Remolete's automobile when John ran into the street to avoid a stone thrown by another boy. John and another small boy testified to the happening of the accident in support of plaintiff's claim. It is apparent that the manner in which decedent drove his automobile was a critical issue in the case and it was proved by oral testimony. The relevant portions of N.J.S. 2A:81-2 were read to the jury during the court's charge and the jury was instructed that it applied to the case.
The jury deliberated for 4 1/2 hours. It then sent out a request for further instructions as to the standard of proof required to establish a case against a decedent's estate. The *580 statute was again read to them. Fifteen minutes thereafter the jury returned with a verdict for defendant by a 10 to 2 vote.
Plaintiffs did not object to the original charge of the statute but did object when it was repeated in answer to the jury's question. They now move for a new trial on the ground that the statute is inapplicable in a negligence action.
The plaintiffs' case was very weak in proof of negligence. The verdict cannot be disturbed unless there was error in the instructions. However, it is evident that one or more jurors were probably influenced by the burden of proof placed upon the plaintiffs under the court's instructions. If it should be found that the statute does not apply, plaintiffs would be entitled to a new trial.
N.J.S. 2A:81-2 as amended by chapter 52 of the Laws of 1960, effective July 1, 1960, reads as follows:
"When 1 party to any civil action is a lunatic suing or defending by guardian or when 1 party sues or is sued in a representative capacity, any other party who asserts a claim or an affirmative defense against such lunatic or representative, supported by oral testimony of a promise, statement or act of the lunatic while of sound mind or of the decedent, shall be required to establish the same by clear and convincing proof."
Prior to the 1960 amendment, the statute read as follows:
"When one party to any civil action is a lunatic suing or defending by guardian or when one party sues or is sued in a representative capacity, no other party thereto may testify as to any transaction with or statement by the lunatic while of sound mind or with or by the decedent, unless:
a. The guardian of the lunatic or the representative of the decedent offers himself as a witness on his own behalf, and testifies to any transaction with or statement by his testator, intestate or ward, in which event the other party may be a witness on his own behalf as to all transactions with or statements by the lunatic while of sound mind or by the decedent, which are pertinent to the issue; or
b. The action is founded upon any allegation of fraud, breach of trust, willful default or undue influence, in which cases the defendant may be sworn and examined as a witness on his own behalf as to transactions with or statements by the lunatic or decedent.
*581 Where a guardian or representative is a national bank, bank, trust company or other corporation, testimony of an officer or employee thereof shall be deemed testimony of the guardian or representative within the meaning of this section."
Counsel for plaintiffs contends that:
1. The 1960 amendment did not intend to change the nature of the matters to which the predecessor statute applied;
2. The Dead Man's Act "from its inception has never been applied to a negligence action";
3. The statute applied and applies only to "transactions with" decedent and these do not include an automobile accident. They include only "promises, statements of acts, actions in fraud, undue influence and breach of trust";
4. The standard of proof required in a negligence action is a preponderance of the evidence and the Legislature did not intend to change the law of negligence.
Counsel for plaintiffs has furnished a copy of 1960 Senate Bill No. 73 introduced by Senators Cowgill, Lynch, Fox and Jones and which became chapter 52 of the Laws of 1960. The amendment of N.J.S. 2A:81-2 is contained in section 45 of article IV, entitled "Miscellaneous Revisions and Repealers." In the statement attached to the bill, it is said:
"Lastly, the bill contains in article IV an amendment to the Dead Man's Act which eliminates the bar to receiving the testimony but simultaneously establishes a burden of proof to establish the claim by clear and convincing proof."
At common law a party in a civil action was not competent to testify in his own behalf. (See the famous trial of Bardell v. Pickwick in The Pickwick Papers by Charles Dickens.) In the middle of the 19th Century statutes were passed in many states rendering parties competent to testify. Simultaneously or shortly thereafter an exception was carved out, excluding the testimony of the survivor of a transaction with a decedent when offered against the latter's estate. 2 Wigmore on Evidence (3d ed.), § 578; N.J.P.L. 1859, c. 166, p. 489; Smith v. Burnet, 35 N.J. Eq. 314 (E. & A. 1882).
*582 In the Revision of 1900, L. 1900, p. 363, C.S. p. 2218, § 4, the statute begins: "In all civil actions * * *." In the Revised Statutes of 1937, R.S. 2:97-2, and in the 1951 revision of N.J.S. 2A:81-2 above quoted, as well as in the 1960 amendment, the statute deals with "any civil action."
R.R. 4:2 provides that "There shall be one form of action in civil practice to be known as a `civil action'." All actions are thus included, whether in tort, on contract or other.
In Horn v. Arnett, 91 N.J.L. 110 (Sup. Ct. 1917), it was held that the statute applied to proceedings for the enforcement of a claim for workmen's compensation then filed in the Court of Common Pleas. The court held the proceedings to be a civil action.
In Smith v. Burnet, supra, the term "civil action" was held to include all proceedings which are not criminal, in Chancery and at law.
The language of the statute as it was for 100 years would then seem to include negligence actions as well as all other civil actions. It is true that there are few New Jersey cases dealing with the application of the statute to actions of this type. Since the former statute provided that a surviving adverse party may not "testify as to any transaction with or statement" by the decedent, the application to acts of decedent which may constitute negligence was not immediately apparent.
However, in Deak v. Perth Amboy Gas Light Co., 1 N.J. Misc. 457, 140 A. 439 (Sup. Ct. 1923), a death action based on negligence, Justice Bergen said that the statute applied.
In Vollkommer v. Menge, 116 N.J.L. 82 (Sup. Ct. 1935), a negligence action, the court assumed the applicability of the statute to testimony by the adverse party to transactions with decedent and held that the exclusion did not apply to transactions with the executor.
A Pennsylvania statute providing that "where any party to a thing or contract in action is dead" a surviving party was not "a competent witness to any matter occurring before the death of said party," was held to apply to negligence actions. *583 Wright v. Wilson, 154 F.2d 616, 170 A.L.R. 1237 (3 Cir. 1946); Lockard v. Vare, 230 Pa. 591, 79 A. 802 (Sup. Ct. 1911). Similar rulings may be found in Davis v. Pearson, 220 N.C. 163, 16 S.E.2d 655 (Sup. Ct. 1941), and Boyd v. Williams, 207 N.C. 30, 175 S.E. 832 (Sup. Ct. 1934).
In Strode v. Dyer, 177 S.E. 878 (Sup. Ct. App. 1934), the court said:
"* * * `a "transaction," within the meaning of the statutes under discussion, is an action participated in by witness and decedent, or something done in decedent's presence, to which, if alive, he could testify of his personal knowledge, and the term embraces every variety of affairs, the subject of negotiations, actions, or contracts. It has also been said that personal "transactions" and "communications" with a person since deceased include every method by which one person can derive any impression or information from the conduct, condition, or language of another.' * * *."
Our own Supreme Court took the same view. In Hollister v. Fiedler, 17 N.J. 239 (1955), Justice Heher said:
"* * * The test of a `transaction with' the deceased in the statutory sense is generally `whether, in case the witness testify falsely, the deceased, if living, could contradict it of his own knowledge.'"
In 97 C.J.S. Witnesses § 133, p. 564, it is said that all actions both tort and contract are generally included in such statutes.
I conclude that the statute prior to the 1960 amendment was applicable to silence the surviving party as to anything that the decedent said or did during his lifetime, in a negligence action as well as in any other civil action.
The 1960 amendment, as indicated in the accompanying statement, expunged the testimonial disqualification of the survivor in all respects but "simultaneously establishes a burden of proof to establish the claim by clear and convincing proof." It retained the application to "any civil action" by or against a decedent's estate, in which an opposing party asserts "a claim or an affirmative defense" "supported by oral *584 testimony of a promise, statement or act of the" decedent. The oral testimony is not excluded even if given by an adverse party. But if oral testimony as to what decedent said or did is presented to support a claim or affirmative defense, then the burden is upon the survivor to prove his case by clear and convincing evidence.
The motivation for the 1960 amendment is apparent. The former provision was condemned by courts and scholars upon the ground that by silencing the survivor to protect the estate of the decedent, injustice was frequently visited upon the living. The criticism and the remedies elsewhere applied are summarized at page 11 of the 1955 Report of the New Jersey Supreme Court Committee on the Revision of the Law of Evidence. The Uniform Rules of Evidence (Rule 7) proposed the complete elimination of the Dead Man Act, as did the American Law Institute Model Code of Evidence, the 1955 Report of the New Jersey Supreme Court Committee on the Revision of the Law of Evidence and the 1956 Report of the New Jersey Legislative Commission to Study the Improvement of the Law of Evidence. (But see Rule 63 (4) (c) of the 1955 Supreme Court committee report.)
Professor Wigmore (2 Wigmore on Evidence (3d ed.), § 578) recites three types of statutes ameliorating the severity of the Dead Man's Act without complete repeal, as follows:
"* * * One of these, starting in Oregon, New Mexico, and Canada, is to allow no recovery in such cases on the party's sole testimony, without corroboration of some sort. The second, followed in Connecticut, Virginia, and Oregon, is to admit, as well as the surviving party, any extant writings or declarations of the deceased party on the subject in issue. The third, invented in New Hampshire and followed in Arizona, is to exclude the testimony, except when it `appears to the Court that injustice may be done without the testimony of the party'; * * *."
See also Vanderbilt, Minimum Standards of Judicial Administration, pp. 334 et seq.
By the 1960 amendment the New Jersey Legislature selected a new middle course of its own, for which no source *585 has been found and which appears to be unique. It has repealed disqualification of the survivor entirely. Instead of imposing an arbitrary requirement of corroboration, it has entrusted to the trier of facts the protection of the decedent's estate against claims and affirmative defenses supported by oral proof of the decedent's words or conduct. Under this rule the trier of facts is cautioned to be watchful against falsehoods, since decedent is not available to deny them. But when clearly convinced of the truth of the position of the survivor, the trier of facts may accept it.
Another section of the same statute, N.J.S. 2A:84A-5, defines burden of proof and recognizes three standards, namely, preponderance of the evidence, clear and convincing evidence, and proof beyond a reasonable doubt. Clear and convincing evidence has been defined as "a standard of proof falling somewhere between the ordinary civil and criminal standards." It "should produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established." Aiello v. Knoll Golf Club, 64 N.J. Super. 156 (App. Div. 1960).
The words "supported by oral testimony of a promise, statement or act" of the decedent appear to have been devised by the Legislature and its advisors to express comprehensively the broad construction of the words in the previous statute and to avoid the prior ambiguity. The words "promise, statement or act" must be taken in their common meaning and clearly mean anything that decedent said or did. The first definition of "act" in Webster's Unabridged International Dictionary is "Anything done or doing." Ballentine's Law Dictionary (2nd ed. 1948) defines act as "A thing done or established." I Bouvier's Law Dictionary (3d Rev. 1914): "Something done or established." Black's Law Dictionary (4th ed. 1951) says, "In its most general sense, this noun signifies something done voluntarily by a person;" again, "primarily that which is done or doing." See the use of the words "acts and declarations" of a conspirator in State v. Carbone, 10 N.J. 329 (1952).
*586 Plaintiffs argue that negligence may consist of inaction, and that therefore the Legislature did not intend to cover negligence cases but only acts which created a contract, gift or the like. The simple answer is that total inaction is impossible in a living being. Failure to act may constitute negligence because some conduct of the party has given rise to the duty to take an affirmative step. The argument is purely semantic and does not support the conclusion.
A more troublesome argument is that by combining the words "promise, statement or act," the Legislature intended to confine "act" to one of the same kind as promise or statement, under the rule noscitur a sociis. The construction of the prior statute and the underlying purpose of the law lead to the conclusion that the three words were here used to cover all conduct as well as words of decedent. Furthermore, a statement of decedent and even a promise may be relevant in a negligence action as well as in other types of cases.
Plaintiffs' final argument is that preponderance of proof is the standard applied in negligence cases generally, and the Legislature could not have intended to change the law of negligence by changing the rule of evidence. However, the burden of proof must be borne by a preponderance of the evidence in most civil actions. See Armel v. Crewick, 71 N.J. Super. 213 (App. Div. 1961). The argument here made would apply with equal force to actions on contract or in debt. It may be argued that the statute changes the substantive law in substantially every case to which it applies. If that were a valid objection, it would render the statute completely inoperative. It is not to be assumed that the Legislature intended to adopt a nugatory act.
I conclude that:
1. N.J.S. 2A:81-2 applied to negligence actions as well as all other civil actions prior to the 1960 amendment.
2. The 1960 amendment has clarified the prior language and made clear its application to all civil actions in which a party asserts a claim or affirmative defense against the personal representative of a decedent and supports such *587 claim or affirmative defense by oral testimony of anything said or done by decedent.
3. Such testimony is admissible and the surviving party is competent to testify.
4. The surviving party must establish his claim or affirmative defense by clear and convincing proof.
5. The statute applies to this case and it was proper to so charge the jury.
The motion for a new trial will therefore be denied.
Plaintiffs' counsel is commended for the diligence and ingenuity of the presentation of this matter.