90 N.J. Super. 122 (1966)
216 A.2d 406
JANET MORAN, ALSO KNOWN AS PAT MORAN, PLAINTIFF-RESPONDENT,
v.
ESTATE OF PATSY PELLEGRINO, DEFENDANT-APPELLANT, AND THE OLIVER MANUFACTURING COMPANY, ETC., DEFENDANT.
Superior Court of New Jersey, Appellate Division.
Argued December 6, 1965.
Decided January 14, 1966.
*123 Before Judges GAULKIN, LABRECQUE and BROWN.
Mr. Joseph M. Feinberg argued the cause for the plaintiff (Messrs. Feinberg & Feinberg, attorneys; Mr. Fred Dubowsky on the brief).
Mr. Sidney M. Schreiber argued the cause for the defendant-appellant (Messrs Schreiber, Lancaster & Demos, attorneys; Mr. Gerald W. Conway on the brief).
*124 PER CURIAM.
Plaintiff instituted suit against the Estate of Patsy Pellegrino and the Oliver Manufacturing Company, a corporation of which decedent was president and principal stockholder, to recover the sum of $2,600 allegedly loaned to defendants. The claim against the corporation was abandoned at trial. At the conclusion of a non-jury trial, judgment was rendered in favor of plaintiff for $2,600 against the estate and it appeals.
Defendant raises a number of grounds of appeal. Among them are: (1) since N.J.S. 2A:81-2 required that plaintiff's claim against the estate be established "by clear and convincing proof," it was error for the trial court to make its determination by using the standard of a preponderance of the credible evidence; (2) the trial court erred in considering and basing its findings of fact upon matters which were not in evidence. We agree.
Plaintiff's claim against the estate was based almost entirely upon her own testimony relative to the transaction with decedent and an alleged promissory note. The standard of proof to be applied in cases where a party seeks to maintain such a claim against the estate of a decedent is set forth in N.J.S. 2A:81-2:
"* * * when 1 party sues or is sued in a representative capacity, any other party who asserts a claim * * * against such * * * representative, supported by oral testimony of a promise, statement or act * * * of the decedent, shall be required to establish the same by clear and convincing proof."
In Buska v. Aquinaldo, 84 N.J. Super. 577 (Cty. Ct. 1964), the court explained the approach of N.J.S. 2A:81-2:
"The 1960 amendment * * * expunged the testimonial disqualification of the survivor in all respects but `simultaneously establishes a burden of proof to establish the claim by clear and convincing proof.' * * * The oral testimony is not excluded even if given by an adverse party. But if oral testimony as to what decedent said or did is presented to support a claim or affirmative defense, then the burden is upon the survivor to prove his case by clear and convincing evidence. * * *
*125 * * * Instead of imposing an arbitrary requirement of corroboration, it has entrusted to the trier of facts the protection of the decedent's estate against claims and affirmative defenses supported by oral proof of the decedent's words or conduct. Under this rule the trier of facts is cautioned to be watchful against falsehoods, since decedent is not available to deny them." (84 N.J. Super., at pp. 583-585)
It is beyond question that, absent the note introduced as evidence of the indebtedness, the trial judge was required to apply the clear and convincing standard of proof, that is, "a standard of proof falling somewhere between the ordinary civil and criminal standards." Aiello v. Knoll Golf Club, 64 N.J. Super. 156, 162 (App. Div. 1960). In Denville Amusement Co., Inc. v. Fogelson, 84 N.J. Super. 164, 168-169 (App. Div. 1964), the court stated, "It would appear that so stringent a standard of proof would not be necessary where such a claim or defense was predicated upon written evidence." However, it found it unnecessary to answer the question "whether this section applies only to cases where oral testimony is the sole proof offered, or applies to all cases wherein there is any oral proof," because the trial court had properly found the evidence in favor of the claimant clear and convincing.
It seems to us that the "clear and convincing" standard must be applied in all cases where the claim against the decedent's estate depends at least in part upon the truth of oral testimony of the promises or acts of decedent, even when written evidence has also been introduced. Unless plaintiff's claim can prevail on the basis of genuine written evidence alone, the more stringent burden of proof should be applied.
We have the right to determine whether the evidence here was clear and convincing and to enter judgment accordingly. We hold that the evidence in the record before us is not clear and convincing. However, we think we should not enter judgment for defendant but rather remand for a new trial.
To begin with, credibility is a major factor in this case and that can be judged best by a judge who sees and hears the witnesses. Secondly, defendant's expert, Paul A. Osborn, *126 stated that in his opinion the signature on the homemade "note" was genuine, but he gave persuasive testimony that the "note" was written around and above the signature, upon a piece of scrap paper, and was a fraud. Plaintiff's counsel stated at the oral argument that his expert had tested only the genuineness of the signature and therefore was not called to testify in refutation of Osborn's charges. Plaintiff should have the opportunity to present evidence, if she so desires, to meet Osborn's testimony.
For these and other reasons we think a remand for a new trial is the just course to be followed. So ordered. Costs to abide the event.