90 N.J. Super. 356 (1966)
217 A.2d 630
EMILY J. FARAGO, ADMINISTRATRIX AD PROSEQUENDUM OF THE ESTATE OF JULIUS FARAGO, PLAINTIFF-APPELLANT,
v.
JOHN PETER SLUKE, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued February 21, 1966.
Decided March 4, 1966.
*357 Before Judges CONFORD, KILKENNY and LEONARD.
Mr. Peter A. DeSarno argued the cause for appellant (Messrs. Seaman, Williams & Seaman, attorneys).
Mr. Frank Fink argued the cause for respondent (Mr. Albert M. Neiss, attorney).
PER CURIAM.
Plaintiff's contention that there was prejudicial error in permitting defendant's witness Hendley to testify, notwithstanding his name was not furnished as a prospective witness in answers to interrogatories, does not withstand analysis of the record. Plaintiff knew the substance of the information sought by the interrogatories, insofar as persons connected with the tavern, like Hendley, were concerned. Moreover, the testimony adduced was in effect cumulative of other evidence in the record, and was to some extent helpful to plaintiff. There was no mistaken exercise of discretion by the trial court, although the court could well have ruled the other way.
We are further of the view that the trial court ruled correctly in denying plaintiff's request for an instruction to the jury that defendant was required to prove the decedent's *358 contributory negligence "by clear and convincing proof," in consequence of N.J.S. 2A:81-2 (L. 1960, c. 52) (Dead Man's Act). The statutory requirement that the plaintiff sues in a representative capacity means in a capacity representative of the decedent or his estate. The nominal party in a wrongful death action, as here, is not a representative of the decedent but of the statutory class of beneficiaries of the action. The Dead Man's Act is therefore not applicable. We express no opinion on the broader question whether the act applies at all in negligence actions. See Buska v. Aquinaldo, 84 N.J. Super. 577 (Cty. Ct. 1964).
Affirmed.