104 N.J. Super. 466 (1969)
250 A.2d 424
OSCAR GERMANN, INDIVIDUALLY AND AS ADMINISTRATOR AD PROSEQUENDUM AND GENERAL ADMINISTRATOR OF THE ESTATE OF GERDA GERMANN, DECEASED, PLAINTIFF-APPELLANT,
v.
JOSEPH P. MATRISS, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued December 2, 1968.
Decided February 13, 1969.
*467 Before Judges CONFORD, KILKENNY and LEONARD.
*468 Mr. Seymour Cohen argued the cause for plaintiff-appellant.
Mr. Wilbur A. Stevens argued the cause for defendant-respondent (Messrs. Stevens and Mathias, attorneys).
The opinion of the court was delivered by LEONARD, J.A.D.
[The forepart of the court's opinion finds reversible error in the trial of a malpractice action against a dentist for tetanus infection and resulting death of a patient allegedly caused by the improper manner of sterilization of an acrylic denture inserted immediately after the extraction of teeth.]
Plaintiff's malpractice case, as tried below, consisted of three separate causes of action: (1) a wrongful death action by plaintiff as administrator ad prosequendum (N.J.S. 2A:31-1 et seq.); (2) a survival action by plaintiff as general administrator (N.J.S. 2A:15-3), and (3) a per quod action by plaintiff as the husband of the deceased. Defendant asserted that decedent was guilty of contributory negligence, and this issue was submitted to the jury.
At the completion of the charge plaintiff took exception to the court's failure to charge the provisions of the Dead Man's Act, N.J.S. 2A:81-2, which provides as follows:
"When 1 party to any civil action is a lunatic suing or defending by guardian or when 1 party sues or is sued in a representative capacity, any other party who asserts a claim or an affirmative defense against such lunatic or representative, supported by oral testimony of a promise, statement or act of the lunatic while of sound mind or of the decedent, shall be required to establish the same by clear and convincing proof."
At the time plaintiff took this exception the court merely noted the objection. However, on plaintiff's motion for a new trial, which was denied, the court held that the statute should not be charged in a dual action, one brought by the personal representative on a survival claim and the other by the administrator ad pros. for decedent's death, since the *469 survival action was "minor as compared to the major" death action and the statute would not be applicable as to the latter under Farago v. Sluke, 90 N.J. Super. 356 (App. Div. 1966), certification denied 47 N.J. 568 (1966). The basis of this determination was the court's opinion that the jury could not follow instructions to determine contributory negligence on clear and convincing proof in the survival action and at the same time determine that issue by a preponderance of the evidence in the death action.
Plaintiff's action was fundamentally grounded upon defendant's failure properly to sterilize a treatment denture inserted into decedent's mouth immediately following the extraction of 11 upper teeth. Plaintiff claimed that as a result decedent contracted tetanus, which caused her death. Defendant's claim of contributory negligence was based on his testimony that he had instructed decedent not to remove the denture but that she was not wearing it six days later when he saw her in his office, at which time she told him that she had removed the denture the day following extraction.
The primary question that must first be answered is whether the statute applies to a negligence action in relation to the defense of contributory negligence when plaintiff sues in a representative capacity. This question has never been answered by our appellate courts. However, in Buska v. Aquinaldo, 84 N.J. Super. 577 (Law Div. 1964), it was held that N.J.S. 2A:81-2 applied to negligence actions. (There the statute was held available to the representative of a decedent sued for the latter's negligence.) We agree with the reasoning and holding of the court in that case. Cf. Deak v. Perth Amboy Gas Light Co., 1 N.J. Misc. 457 (Sup. Ct. 1923). By the same token, we hold that the statute applies to the affirmative defense of contributory negligence when such a defense is asserted by a defendant in a negligence survival action brought by the general administrator of a deceased. In the instant case defendant supported the assertion of this defense by "oral testimony of a statement or *470 act * * * of the decedent." Therefore, in the instant survival action brought by the general administrator, defendant was obligated to establish contributory negligence by "clear and convincing proof."
However, in Farago v. Sluke, supra, we held that the Dead Man's Act (N.J.S. 2A:81-2) was not applicable to the defense of contributory negligence in a wrongful death action by an administrator ad prosequendum, the plaintiff there not suing in a representative capacity. Thus, we reach the question whether, in the present situation, where a survival action filed by the general administrator is being jointly tried with a death action instituted by the administrator ad pros. and defendant asserts the defense of contributory negligence in both actions, N.J.S. 2A:81-2 is applicable to the contributory negligence defense asserted in the survival action, even though it is not as to the wrongful death action.
The obligation placed upon a party of proving a fact by "clear and convincing" evidence is distinct and different from the obligation to prove that fact by "a preponderance" of the evidence. N.J.S. 2A:84A-5; see also Evidence Rule 1 (4). The former has been defined as "a standard of proof falling somewhere between the ordinary civil and criminal standards." Aiello v. Knoll Golf Club, 64 N.J. Super. 156, 162 (App. Div. 1960). It "should produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established." Ibid. Certainly the Legislature was cognizant of this difference when it mandated the "clear and convincing" burden under the circumstances set forth in N.J.S. 2A:81-2. We cannot conceive that this substantial right, so given to the representative of a decedent, may be eliminated on a basis so arbitrary as whether the survival action or the death action is the "minor" or "major" cause of action in the joint trial.
Under all the circumstances here present, we conclude that N.J.S. 2A:81-2 was applicable to the defense of contributory negligence asserted by defendant in the *471 survival action instituted by plaintiff as general administrator. The court should therefore have charged the burden of proof by clear and convincing evidence in relation to that claim. Defendant's contention that the jury would have been confused by the different standards to be applied to the defense of contributory negligence in each action is without merit. Our present day juries frequently have much more complex legal principles submitted to them for application to various sets of fact. Being convinced, as we are, that it was legally necessary to have the jury use the differing standards of proof for resolution of the defense of contributory negligence in relation to the respective types of action here presented, they should have been charged accordingly.
[The remainder of the court's opinion treats with other alleged trial errors.]

* * * * * * * *
Reversed and remanded for a new trial in accordance herewith.